Rankin, et al v. Major.

---

# RANKIN, *et al*, v. MAJOR.

1. MORTGAGE: PRIORITY. When a mortgage is given to secure the payment of several promissory notes, falling due at different times, one of which passes into the hands of an endorsee, the proceeds arising from

the foreclosure of the mortgaged premises, should be applied to the payment of the notes in the order of time in which they fall due.

2. RIGHTS OF INDORSEES. The transfer of one of the notes carries with it the right to the security of the mortgage, after the payment of all prior notes. The holders of the several notes are regarded as separate and distinct mortgagees.

3. PARTIES TO THE ACTION OF FORECLOSURE. The holder of either note may maintain an action in his own name for the foreclosure of the mortgage. In such an action, the mortgagor and the other mortgagees may be made parties defendant, and the rights of all may be determined by the decree of the court.

### *Appeal from Wapello District Court.*

### THURSDAY, OCTOBER 13.

*Hendershott & Burton* for the appellants, referred to 4 Bouv. Inst. 305; Story's Eq. Pl. section 201; Code of 1851, chapter 118, also sections 1678–1679–1814–1815–1816; *Wing* v. *Davis*, 7 Greenl. R. 31.

No appearance for the appellee.

STOCKTON, J.—The defendant, Major, executed to A. Bridgman & Co., two promissory notes for the sum of $597,83 each, one payable in six, and one in twelve months from date; and to secure the payment of the same, mortgaged to A. Bridgman, a tract of land in Wapello county. Suit is brought to foreclose this mortgage, by the plaintiffs, J. W. Rankin, and A. Bridgman & Co., and the petition alleges that "the note due twelve months after date, has, by the assignment of A. Bridgman & Co., become the property of the said John W. Rankin, who is also, by the said assignment, and by agreement with the said mortgagees, the equitable owner of so much of said mortgage as secures the payment of said notes so assigned to him, and that the joint right of foreclosure passed to him by such assignment and agreement; that the other note is still the property of said Bridgman & Co., and is unpaid." The prayer is for the foreclosure of the defendant's equity of redemption, and a

sale of the mortgaged premises to pay the amount found due on the notes. The defendant demurred to the petition on the ground that the interests of the plaintiffs were several and distinct, and they could not join as plaintiffs in one action. The demurrer was sustained, and plaintiffs appeal.

The demurrer, in our opinion, was rightly sustained. Where a mortgage is given to secure the payment of several promissory notes falling due at different times, upon a foreclosure of the mortgage and sale of the mortgaged premises, the proceeds are to be applied to the payment of the notes in the order of time in which they fall due. The note first due is to be first paid. If the proceeds are not sufficient to pay all the notes, it cannot be claimed that they shall be paid *pro rata*. *Grapengether* v. *Fejervary, ante.* By virtue of the assignment to him of the second note, the plaintiff Rankin became entitled to all the security of the mortgage, after the payment of the first note. And he was entitled to maintain an action on the mortgage in his own name, to have the benefit of his security. *Crow, McCreary & Co.* v. *Vance,* 4 Iowa 434.

But not if the property mortgaged is amply sufficient to pay both the notes, nor even by virtue of the alleged agreement of the mortgagees, that the assignee of the second note was the equitable owner of so much of the mortgage as would secure the payment of the note assigned, and that the joint right of foreclosure passed to the assignee by the assignment—can the plaintiffs, Rankin, and Bridgman & Co., maintain an action in their joint names for the foreclosure of the mortgage. The indebtedness of defendant has been severed, and the rights of the plaintiffs as the holders each of a note given by defendant and secured by the mortgage, are distinct and separate. There is nothing in their relations to each other, growing out of the assignment of one of the notes, and the agreement consequent thereupon, which enables them to join in a prayer for the foreclosure of defendant's equity of redemption and a sale of the mortgaged premises to pay their two notes. Their relations are not substantially

different from what they would be, if they held distinct mortgages upon the same property executed by defendant to secure distinct promissory notes.

In arriving at this conclusion, we do not wish to be understood as holding that the plaintiffs may not both be parties to an action for the foreclosure of a mortgage, nor that in a decree in a suit brought by one of them for the foreclosure of the mortgage and a sale of the mortgaged premises, provisions may not be made for the payment of both the notes, or for the application of the proceeds of sale to the payment of both notes, at least as far as the same will go for that purpose. If the suit is brought by Bridgman & Co., they may make Rankin a defendant, and the latter may, by cross bill, assert his right under the assignment and under the alleged agreement of his assignor, and have the same provided for by the decree. And so, if suit is brought by Rankin, the same proceedings may be had. The court may decree a sale of the mortgaged premises, and direct the application of the proceeds according to the rights of the present plaintiffs, as affected by their agreement.

Decree affirmed.