HOWLAND and others vs. THE COUNTY BOARD OF SUPERVIS-
ORS OF KENOSHA COUNTY, impleaded &c.

Where a complaint for an injunction against the collection of a special tax alleges
  as a ground of relief that the acts under which the tax was levied and assessed
  are unconstitutional, a demurrer to it as not stating a cause of action raises the
  question whether such acts are valid, and is not frivolous.

Where it is assigned as ground of demurrer to a complaint, that it "does not state
  facts sufficient to constitute a cause of action" (following the language of the
  statute), that is sufficient; and the demurrant cannot be required to specify
  more particularly in the demurrer his objections to the complaint, nor will the
  demurrer be held bad because of a defective attempt to specify such objections
  therein.

APPEAL from the Circuit Court for *Kenosha* County.

This action was brought by *Howland, Jordan* and *Rategan*,
residents and tax payers in the town of Pleasant Prairie in
said county, on behalf of themselves and all other persons
similarly interested, against one *Parish*, treasurer of said town,
and the *County Board of Supervisors of Kenosha County*, to
have certain proceedings of said board in the establishment
and construction of a certain drain running through plaintiff's
lands and other lands in said county, and in the levy and as-
sessment of a special tax for the same, declared void for irreg-
ularity and by reason of the unconstitutionality of the acts
under which the supervisors assumed to proceed: and also to
have the defendants &c. restrained from collecting said tax.
The *Board of Supervisors* demurred, on the ground that the
complaint did not state facts sufficient to constitute a cause of
action, and specified the objections to the complaint in the fol-
lowing manner: "for that the statutes, and the actings and do-
ings thereunder, mentioned, stated and referred to in the com-
plaint, are constitutional and valid statutes, and the said act-
ings were lawful acts, for the doing of which no action will lie
against said county of Kenosha or either of the defendants;
also for that if the acts complained of were done by the *Board
of Supervisors* of the county of Kenosha without first having
acquired jurisdiction to do them, the remedy of the plaintiffs

is on the law side, and not on the equity side of this court, and the said defendant claims and insists upon the trial thereof by jury, as its constitutional right; also for that the complaint prays for an injunction to prohibit public officers from collecting the ditch tax therein set forth, without stating that the defendants and others neglected or omitted to do any of the matters or things required by the statute referred to, to be done, to confer jurisdiction on the proper officers to issue their warrant or precept for the collection of such 'ditch tax;' also for that the actings and doings of the persons, officers and parties that in said complaint are alleged to be void, &c., are merely ministerial or judicial acts, and not jurisdictional; for that the complaint does not state or set forth any material jurisdictional defect in the petition therein mentioned," &c. This demurrer the plaintiff moved to strike from the files as "a nullity and frivolous;" and from an order granting the motion said defendant appealed.

*M. Dresser* (with whom was *J. J. Pettit*), for appellant.

*H. F. Schoff*, for respondents.

*By the Court*, COLE, J. The demurrer was stricken from the files because it was frivolous and a nullity. This was error. It certainly was not frivolous. It raises several serious questions of law and practice. Assuming the tax to be illegal, could the respondents unite in the action? Was there any joint or common interest in the subject matter of the suit, which would enable them to join in the action, or must each tax payer pursue his own remedy? See cases of *Newcomb v. Horton*, 18 Wis., 566, and *Barnes v. The City of Beloit*, ante p. 93. Does the demurrer raise this question of practice?

Again, the complaint alleges as the main ground of relief, that chap. 398, Laws of 1862, and chap. 75, Laws of 1863, under which the supervisors acted, are unconstitutional and void. This raises a very grave question. An issue of law upon such a point could hardly be said to be frivolous.

An objection is taken to the form of the demurrer. It may not be a model pleading. But as a second cause of demurrer, it states distinctly and clearly the ground that the complaint does not state facts sufficient to constitute a cause of action. What follows, whether it be regarded as a specification of particular objections or argument, is quite immaterial. The statute provides that a party may demur where the complaint does not state facts sufficient to constitute a cause of action; and when this ground is assigned in the language of the statute, it is sufficient.

The order striking the demurrer from the files as being frivolous and a nullity, must be reversed, and the cause remanded for further proceedings according to law.