SAMULI O. SWENSON, *et al.*, v. THE MOLINE PLOW COMPANY AND C. M. ALBINSON.

PARTIES PLAINTIFF; *Misjoinder; Separate Interests.* Where S. executed to A. two promissory notes, and a mortgage on real estate to secure the payment of the notes, and A. afterward assigned one of the notes to M., *held,* that A. and M. cannot sue *jointly* as plaintiffs on the notes and mortgage, but each has his separate action.

*Error from Cloud District Court.*

THE only question here is, as to the right of two or more parties respectively owning and holding separate notes secured by the same mortgage to join as parties plaintiff in an action on said notes and mortgage. The district court, at the August Term 1873, held that such joint action could be maintained, and gave judgment accordingly. *Swenson* and *Swenson,* the defendants, appeal, and bring the case here on error.

*James Ketner,* and *C. W. McDonald,* for plaintiffs in error.

*Strain & Wells,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on two promissory notes and a mortgage. The facts in the case are substantially as follows: The plaintiffs in error, Samuli O. Swenson and John P. Swenson, executed to the defendant in error C. M. Albinson two promissory notes and a mortgage on real estate to secure the payment of the notes. Afterward Albinson assigned one of said notes to the other defendant in error, the Moline Plow Company. The notes were not paid at maturity, and this action was commenced by Albinson and the Moline Plow Company *jointly* against the Swensons to recover the amounts which they respectively claimed on said notes and mortgage. The only question which we are asked to decide is, whether a *joint action* may be maintained by the two plaintiffs below, or whether each had his separate action. In this state the debt secured by a mortgage is the real subject of the action; the note given therefor is the principal evidence thereof, and the mortgage is merely ancillary thereto. The mortgage follows the note. Whoever owns the note owns the mortgage. When the note is paid the mortgage is paid. When the action on the note is barred by the statute of limitations, the action on the mortgage is also barred. Indeed, any defense that may be set up against the note may be set up against the mortgage. But there is no separate action on the mortgage. The action must always be on the note, and it may be on the note either with or without the mortgage. And the action on the note, whether with or without the mortgage, is, so far as the note is concerned, substantially an action at law. The action is tried, so far as the note is concerned, in the same manner as any other action on a promissory note. Either party has a right to a jury, and the judgment is a personal judgment against the defendant, substantially the same as any other personal judgment. The judgment is much like a judgment in an ordinary attachment case. The judgment is for the amount due on the note, with an order that the mortgaged property be first sold to satisfy

the judgment, and that if it does not satisfy the judgment then that a general execution be issued against the property of the defendant. Where more than one note is given, there are as many causes of action as there are notes; and if any of the notes are assigned, then each owner of a note has a separate cause of action, and each has a right to have the mortgaged property sold to satisfy his claim. The mortgage is a security for each note. It is substantially the same as several mortgages for the several notes. The mortgage liens in favor of all the notes may be equal, or the lien in favor of one note may be prior to that in favor of another note. In the present case, when Albinson assigned one of said notes to the Moline Plow Company the company became the owner thereof, with the right to a separate action thereon. Each plaintiff then had a separate action, and a separate right to have the mortgaged property sold to satisfy his or its own note. Although the two notes were secured by one mortgage, yet the rights of the parties were the same as though the two notes had been secured by two different mortgages on the same piece of land. The notes are the principal thing, and the mortgage is ancillary. And as the notes are separate, the mortgage must be considered as a separate mortgage for each note. In the present case, Albinson wanted a judgment in his favor for the amount due on his note, and the mortgaged property sold to satisfy his judgment. The Moline Plow Company wanted a judgment in its favor for the amount due on its note, and the mortgaged property sold to satisfy its judgment. Now where is there any community of interest in this? It is true, both want the property sold, but each wants it sold for a different purpose. What interest has Albinson in having the property sold to satisfy the Moline Plow Company's claim? And what interest has the Moline Plow Company in having the property sold to satisfy Albinson's claim? Each really wants the property sold to satisfy his or its own claim, and not to satisfy that of the other. Instead of there being a community of interest there is really an antagonism of interest between the plaintiffs. Either might

have sued on his or its own note, and made the other a defendant, so as to have the priority of their liens on the mortgaged property determined, for in this there is a conflict of interest; but they cannot sue jointly as plaintiffs, for they have no interest in common.   As to joinder and misjoinder of parties plaintiff, see *Harsh v. Morgan,* 1 Kas., 293; *Winfield Town Co. v. Maris,* 11 Kas., 148, et seq.; *Hudson v. Comm'rs of Atchison,* 12 Kas., 140; *Newcomb v. Horton,* 18 Wis., 566; *Barnes v. City of Beloit,* 19 Wis., 93; *Howland v. Supervisors,* 19 Wis., 247.

The judgment of the court below is reversed, and cause remanded for further proceedings.

All the Justices concurring.