## D. C. AMBROSE, *et al.*, v. SARAH PARROTT.

CAUSES OF ACTION, *Separately Stating and Numbering; Practice.*   An action was brought to recover a personal judgment on three promissory notes, and to foreclose a mortgage given to secure the same.   Only one of the notes was due, according to the terms of the notes, when the action was commenced, but the other two notes were alleged to be due by virtue of a stipulation contained in the mortgage, providing in substance, that in case of a default in the payment of any part of the debt evidenced by the three notes and the mortgage, the whole of the debt should become due.   The petition, after the formal commencement, was divided into three sections, or paragraphs, severally numbered by Roman numerals, as follows: "I," "II," "III."   In paragraph numbered "I" were included allegations concerning the execution and delivery of the three notes sued on.   In paragraph numbered "II" were allegations concerning the execution and recording of the mortgage. And in paragraph numbered "III" were allegations concerning the

various stipulations and conditions contained in the mortgage; averring that the debt was due, the amount thereof, etc.; and a prayer for judgment. The defendants filed a motion that the plaintiff be ordered to severally state and number her various alleged causes of action, which motion reads as follows: "The defendants move the court that the plaintiff be ordered to separately state and number her various alleged causes of action, set out in her petition filed herein." The motion was overruled by the court, and the defendants excepted. The defendants making no further appearance in the case, the court thereupon rendered judgment in favor of the plaintiff and against the defendants, upon all the notes and the mortgage as upon a default. *Held,* 1st, that at least two, and perhaps three, causes of action were set forth and stated in plaintiff's petition; that one of such causes of action was a cause of action set forth, stated and founded upon the non-payment of the promissory note which had become due, by virtue of its own terms and lapse of time, prior to the commencement of the action; and that another of such causes of action, (and perhaps two of them,) was a cause of action (and perhaps two causes of action) set forth, stated and founded upon the non-payment of the other two promissory notes which had become due before the action was commenced, by virtue of a default in payment, and by virtue of the stipulation contained in the mortgage, making them so become due on the happening of any such default. But *further held,* 2d, that as the defendants' motion was indefinite and not specific, as it did not point out wherein the plaintiff's petition stated more than one cause of action, or how many causes of action were stated therein, that it cannot be said that the court below committed material error or abused its discretion in overruling such motion; and that it can make no difference, even if the various causes of action set forth in the plaintiff's petition were so manifestly obvious that the court must have readily taken notice of them by a bare inspection of the petition, and without any specific designation of them in the defendants' motion; for in such a case they would necessarily be so manifestly obvious that the defendants themselves should also have taken notice of them, and would not have experienced any considerable inconvenience in pointing them out in their motion, or in answering to them as they were set forth and alleged in the plaintiff's petition.

### *Error from Neosho District Court.*

ACTION brought by *Parrott* against *Ambrose* and another, to recover a personal judgment on three promissory notes, and to foreclose a mortgage given to secure the same. The facts appear in the opinion. At the April Term, 1882, of the district court, the plaintiff had judgment against the defendants, who bring the case here.

*L. Stillwell,* for plaintiffs in error.

*T. W. Cogswell,* and *Hutchings & Denison,* for defendant in error.

The opinion of the court·was delivered by

VALENTINE, J.: This was an action brought by Sarah Parrott, defendant in error (plaintiff below), against D. C. Ambrose and Mary E. Ambrose, plaintiffs in error (defendants below), to recover a personal judgment on three promissory notes, and to foreclose a mortgage given to secure the same. Only one of the notes was due, according to the terms of the notes, when the action was commenced, but the other two notes were alleged to be due by virtue of a stipulation contained in the mortgage, providing in substance that in case of default in payment of any part of the debt evidenced by the three notes and the mortgage, the whole of the debt should become due. The petition, after the formal commencement, was divided into three sections or paragraphs, severally numbered by Roman numerals, as follows: " I," " II," " III."

In paragraph numbered " I " were included allegations concerning the execution and delivery of the three notes sued on. In paragraph numbered " II " were allegations concerning the execution and recording of the mortgage. And in paragraph numbered " III " were allegations concerning the various stipulations and conditions contained in the mortgage; averring that the debt was due, the amount thereof, etc.; and a prayer for judgment. The defendants filed a motion that the plaintiff be ordered to separately state and number her various alleged causes of action, which motion reads as follows:

"The defendants move the court that the plaintiff be ordered to separately state and number her alleged various causes of action, set out in her petition filed herein."

The motion was overruled by the court, and the defendants excepted. The defendants making no further appear-

ance in the case, the court thereupon rendered judgment in favor of the plaintiff and against the defendants upon all the notes and the mortgage as upon a default. To reverse this judgment, and the order of the court below overruling the defendants' motion, they bring the case to this court for review.

We think that at least two, and perhaps three, causes of action were set forth and stated in the plaintiff's petition in this action. One of such causes of action was a cause of action set forth, stated and founded upon the non-payment of the promissory note which had become due by virtue of its own terms and lapse of time prior to the commencement of this action; and another of such causes of action (and perhaps two of them) was a cause of action (and perhaps two causes of action) set forth, stated and founded upon the non-payment of the other two promissory notes, which had become due before this action was commenced by virtue of a default in payment, and by virtue of a stipulation contained in the mortgage making them so become due on the happening of any such default.

In the case of *Swenson v. Plow Company*, 14 Kas. 387, it was held as follows:

"Where S. executed to A. two promissory notes, and a mortgage on real estate to secure the payment of the notes, and A. afterward assigned one of the notes to M., *held*, that A. and M. cannot sue *jointly* as plaintiffs on the notes and mortgage; *but each has his separate action.*"

To the same effect are the cases of *Rankin v. Major*, 9 Iowa, 297, and *Thayer v. Campbell*, 9 Mo. 277. See also *McDowell v. Lloyd*, 22 Iowa, 448. In the case of *Swenson v. Plow Company*, p. 389, it is also said in the opinion of the court that —

"Where more than one note is given, there are as many causes of action as there are notes; and if any of the notes are assigned, then each owner of a note has a separate cause of action, and each has a right to have the mortgaged property sold to satisfy his claim. The mortgage is a security for each note. It is substantially the same as several mortgages for the several notes."

In the case of *Andrews v. Alcorn*, 13 Kas. 351, which was an action on two promissory notes and a mortgage, one of which notes was due and the other was not due, it was held that only one cause of action was stated in the petition. The petition was divided into three counts, and using the language of the court in delivering the opinion in that case, the "first count set forth the substance of one of said notes, which was then due, and stated a good cause of action; the second count set forth the substance of the other note, but did not state any cause of action, for the reason only that this note was not yet due." This language leaves it to be inferred by an irresistible implication, that if the note set forth in the second count of the petition had been due, two causes of action would unquestionably have been stated. The court by this language says in substance, that the only reason why the second count of that petition did not state a cause of action as well as the first count, was that the note set forth in the second count was not yet due. In that case, both parties in the supreme court admitted that only one cause of action was set forth in the original petition. (See briefs of counsel in that case.) The court below in that case also held that only one cause of action was stated; and rendered judgment upon only one of the notes — the one that was due, and the one that was set forth in the first count of the petition; and the supreme court, following the district court and the counsel of the parties in that case, also held that only one cause of action was stated, and so held for the single reason, "the reason only" that the second note was not due when that action was commenced and tried in the district court. In this present case, however, all the notes were due when this action was commenced. The plaintiffs in error in this case say that the court below based its decision in this case upon the words printed in italics at the commencement of the second paragraph of the syllabus, in the case of *Andrews v. Alcorn*, ante. Now said words in italics are no part of the syllabus of that case, and constitute no part of the decision of the case, but are simply the words of the *reporter*. The court in that case decided that a prom-

issory note and a mortgage executed to secure the same, taken together, constitute only one cause of action; and also decided that even two promissory notes together with a mortgage securing them, where only one of the notes is due, do not constitute more than one cause of action. But the court has never decided that two or more promissory notes, where all are due, do not constitute more than one cause of action; and it makes no difference whether the notes are secured by a mortgage or not. The note, although secured by a mortgage, is nevertheless the principal thing, and the mortgage is only an incident thereto — merely a security for the payment or the collection of the note.

But it is claimed by the defendant in error (plaintiff below) that the questions which we have been considering were not properly raised in the court below; that the motion filed by the defendants in the court below for the purpose of raising these questions was too indefinite; that it should have pointed out wherein the petition in the court below stated more than one cause of action, and how many causes of action it was claimed that it did state; and the case of *Gilmore v. Norton,* 10 Kas. 491, is cited as authority. See also *Kerr v. Reece,* 27 Kas. 338.

Now we would think that in all fairness to the trial court and to the opposite party, the motion should have been more definite and specific than the motion in this case was. We would think that a motion filed for such a purpose should in all cases point out specifically the matters which the party filing it desired the court to act upon. It should designate the matters supposed to constitute each separate and distinct cause of action, so that the court might act intelligently. We think, however, the court might in its discretion act upon and sustain just such a motion as the one which was filed in the present case. If the court, however, should overrule the motion, as was done in the present case, then the question arises, Should the supreme court reverse the decision of the trial court simply because it overruled such an indefinite motion? Generally, we would think not. Perhaps cases might occur

where we would think otherwise. But such cases would be rare. It may be claimed that the object of the present motion was obvious; that the court should have known from an inspection of the petition just how many causes the defendants claimed were stated therein, and what they were, and therefore that there was no necessity for the defendants' designating in their motion how many causes of action they supposed were stated in the plaintiff's petition, or what they were. But this is not entirely clear; the defendants might have claimed that there was a cause of action set forth upon each promissory note, and one or more separate causes of action set forth upon the various stipulations contained in the mortgage; or they might have claimed that there were only two causes of action stated in the petition — one upon the promissory note that became due by force of its own terms and lapse of time, and one on the other two promissory notes, which became due by virtue of the stipulation in the mortgage and non-payment of a portion of the debt. These two notes last mentioned became due, not by separate stipulations contained in the separate notes, nor by separate stipulations contained in the mortgage, nor by separate stipulations contained in any instrument; but they became due by virtue of one and the same stipulation, contained in one and the same instrument, mortgage, and by virtue of one and the same default; and the two notes were given as part evidence of a part of one and the same original debt. Then did these two notes, under these circumstances, constitute separate causes of action, or did they constitute only one, and an indivisible cause of action? Probably they constituted separate causes of action; but there is nothing contained in the motion of the defendants below to indicate what their opinions or desires were upon the subject.

As we understand the brief of plaintiffs in error, they now contend that there were three separate causes of action set forth and stated in the plaintiff's petition, and that each note constituted a cause of action. Their motion, however, was silent upon this subject. Now if their views were the

same in the trial court as in this court, it would have been very easy for them to have stated in their motion the number and kind of causes of action which they believed were stated in the plaintiff's petition, and which they desired the court to require the plaintiff to separately state and number. If, however, the various causes of action set forth in the plaintiff's petition were so manifestly obvious that the court must have readily taken notice of them by a bare inspection of the petition and without any specific designation of them in the defendants' motion, then they were necessarily so manifestly obvious that the defendants themselves should also have taken notice of them, and would not have experienced any considerable inconvenience in pointing them out in their motion, or in answering to them as they were set forth and alleged in the plaintiff's petition. In any view we may take of the case, we think that no material error was committed by the court below in overruling the defendants' motion.

The judgment of the court below will therefore be affirmed.

All the Justices concurring.