DAVID GUTHRIE ET AL. v. E. P. TREAT ET AL.

FILED NOVEMBER 19, 1902.   No. 12,312.

Commissioner's opinion, Department No. 2.

1. **Two Promissory Notes Executed Severally Secured by First Mortgage Executed Jointly.** Where a promissory note is executed to T. and another one to L., and at the same time a real estate mortgage securing their payment is executed to T. and L. jointly, the holders of the two notes may be joined as plaintiffs in an action to foreclose the mortgage.

2. ———: SALE AND DELIVERY OF ONE NOTE: TRANSFER OF MORTGAGE PRO TANTO. The sale and delivery of one of the notes to another person, by the executors of the estate of the payee thereof, carries with it the proportionate part of the original debt, and, *pro tanto*, the mortgage security incident thereto.

3. ———: ———: ———: ALLEGATION: PRESUMPTION. An allegation that the executors of the estate of the payee, by virtue of the

authority in them vested, sold and assigned the note in question to the plaintiff for a full and valuable consideration, is sufficient to raise the presumption of a valid sale, and that thereafter neither the estate nor the executors had any interest in the note or the mortgage security.

4. **Petition:** DEMURRER. Petition examined, and found to state facts sufficient to resist a general demurrer.

5. ———: ———: ANSWER. *Held,* That the defenses contended for by the demurrer, if they in fact exist, should have been raised by answer.

ERROR from the district court for Nuckolls county. Foreclosure of mortgage *pro tanto.* Tried below before STUBBS, J. Decree for plaintiffs. Defendants bring error. *Affirmed.*

*John M. Ragan* and *W. F. Buck,* for plaintiffs in error.

*Frank H. Stubbs, contra.*

BARNES, C.

On the 10th of September, 1895, Robert Guthrie and David Guthrie executed and delivered to one E. P. Treat a promissory note for the sum of $4,660.93, payable three years after date, with interest at seven per cent., and at the same time executed and delivered to one A. Ludlow another promissory note for the sum of $6,691.40, payable at the same time and on the same terms. To secure the payment of the said notes the said Guthries, together with their wives, executed and delivered to Treat and Ludlow a mortgage on certain real estate in Nuckolls county, Nebraska, conveying the said premises to said Treat and Ludlow jointly. The said mortgage contained, among other provisions, the following: "First. Said Robert Guthrie and David Guthrie are justly indebted unto the said parties of the second part in the principal sum of $11,652.33, lawful money of the United States of America, being for a loan hereof, made by the said parties of the second part to the said Robert Guthrie and David Guthrie, and in lieu of and renewal of two certain mortgages, one

Guthrie v. Treat.

dated on the 17th day of October, 1883, and one dated September 20, 1882." Following this clause the notes above mentioned were described and set forth. It was further provided in said mortgage as follows: "It is understood and agreed by the parties hereto that the within mortgage is given as an extension and renewal of two certain mortgages of record against the property herein described; one dated September 20, 1882, and one dated October 17, 1883, and that the lien existing of record against said premises created by the original mortgages is continued herein, and the debt thereby secured is continued herein, and the security for said debt is in no wise or degree extinguished or released by the execution of this instrument."

On the 4th day of April, 1896, A. Ludlow, the owner of one of the above described notes, died, leaving a will, of which Henry Ludlow, Edward Ludlow and Willis Ludlow were appointed executors; and on April 11, 1896, all were duly qualified as such. On July 10, 1901, said executors sold and delivered to Henry Ludlow the note and mortgage owned by the said deceased, dated September 10, 1895, the same being one of the two notes in question herein. The Guthries having failed to pay said notes, or the debt evidenced thereby, E. P. Treat and Henry Ludlow brought a joint action, or, in other words, joined in an action as plaintiffs to foreclose the mortgage, and alleged in their petition the facts above stated. Robert Guthrie and Frances Guthrie, his wife, answered the petition for themselves, setting forth that the debt in question was a partnership debt, and that certain of the property described in the mortgage was partnership property, and another portion of it was the individual property of them, the said Robert and Frances, and prayed that the partnership property be decreed to be first sold before resorting to their individual property for the satisfaction of the mortgage. David Guthrie and wife demurred to the petition. The demurrer was overruled, to which ruling they excepted and refused to further plead. A decree was en-

tered in favor of the plaintiffs. A motion for a new trial was made and overruled, to which David Guthrie and his wife took exceptions, and they thereupon prosecuted error to this court. The demurrer was based upon the following grounds: First. Several causes of action improperly joined, viz., a cause of action in favor of E. P. Treat, and a separate cause of action in favor of the plaintiff Henry Ludlow. Second. Defect of parties defendant. Executors of A. Ludlow, deceased, are necessary parties defendant to the action. Third. Plaintiffs' petition does not state a cause of action.

1. It is contended by the plaintiffs that their demurrer to the petition should have been sustained, because two causes of action are improperly joined therein. This question is argued with remarkable ability by counsel, and many authorities are cited which, it is claimed, support their contention. We find upon an examination, however, that only a portion of these authorities appear to be in point.

In the case of *Swenson v. Moline Plow Co.*, 14 Kan., 387, the facts were that S. executed to A. two promissory notes secured by a mortgage on real estate, and A. afterwards assigned one of the notes to M. It was held that A. and M. could not sue jointly on the notes and mortgage, but that each had his separate action.

It was also held by the supreme court of Kansas in *Harsh v. Morgan*, 1 Kan., 293, that where A, B, C and D, held separate mechanics' liens on the premises of E, they were not interested jointly in obtaining relief, and could not be joined as plaintiffs.

In the case of *Rankin v. Major*, 9 Ia., 297, it was held that where one of several notes secured by a mortgage had been assigned, the holders of the notes were to be regarded as separate and distinct mortgagees, who could not be joined as plaintiffs to foreclose the mortgage.

At first blush these cases would seem to sustain the plaintiffs' contention. An examination, however, of the methods of procedure in the courts of Kansas and Iowa

discloses that where an action is brought upon a note and mortgage for the purposes of foreclosure, a personal judgment is rendered in favor of the plaintiff and against the mortgagor, the maker, upon the note itself; that thereafter the property is sold to satisfy the judgment so rendered; while in this state, in an action to foreclose a mortgage, no personal judgment is rendered against the mortgagor; the court simply finds the amount due upon the mortgage debt, which is evidenced by the note, bond or other instrument, and renders a decree foreclosing the mortgage. So the decisions cited from Kansas and Iowa can not be said to have any application to a foreclosure proceeding as it is conducted in the courts of this state. Again, it will be observed that in the case at bar, the mortgage is a joint conveyance of the mortgaged premises; it created a joint lien thereon in favor of Treat and Ludlow. Henry Ludlow having obtained the note made to A. Ludlow by purchase, he being the owner thereof, acquired the same rights under the mortgage that were possessed by A. Ludlow or his estate before such a sale and transfer. The interest of Treat and Ludlow, in the mortgaged property, was therefore joint; neither would be entitled to a preference over the other in case the premises should not sell for enough to satisfy both notes in full. Having such joint interest, and neither being entitled to a preference, we can conceive of no good reason why they should not, and ought not, to be joined as plaintiffs in the foreclosure suit. The suit is based upon a single cause of action, to wit, the foreclosure of the mortgage; and there was not a misjoinder of causes of action, but a joinder of two plaintiffs in a single cause of action, and such joinder was the proper method of procedure.

Jones, Mortgages [4th ed.], section 1368, lays down the following rule: "All those who are interested in the mortgage debt should, according to the general principle already stated, join in the suit to enforce the security. If the mortgagee is the only party in interest, he is of course the only plaintiff. If several persons and even numerous

persons are made mortgagees, or are entitled to the mortgage money, all of them must be parties to the suit, tl ough there are many cases in which some of the persons so interested may properly be made defendants. The codes of several states, as already noticed, embody this equitable principle, extending it to all actions, including such as were formerly distinctively actions at law. Not only joint mortgagees, but also persons having an united interest in the debt secured, even if their interests be several, may join as plaintiffs."

Maxwell, in his work on Pleading & Practice [4th ed.], p. 677, says: "All persons who are entitled to share in the money derived from the foreclosure should be joined as plaintiffs. If such refuse to join as plaintiffs, they may be made defendants. All persons who have united interest in the mortgage debt should join even where their interests are several, as where the mortgage was given to secure two or more notes which have been transferred to different persons."*

It is evident from an examination of the petition in this case that if only one of the plaintiffs had brought the suit to foreclose the mortgage, before any decree would have been rendered the court would have made an order bringing into the case, as a party defendant, the other joint mortgagee. Upon being so made a party, it would have been necessary for him to file an answer in the nature of a cross-bill in order to protect his rights and obtain the relief to which he would be entitled, and while he would be named as a defendant, yet as to the mortgagors he would still stand in the attitude of a plaintiff. To say that persons being so jointly interested can not join as plaintiffs, but that one must be a plaintiff and the other a defendant, is to sacrifice substance to form. We hold, therefore, that the demurrer upon this ground was properly overruled. We do not intend, however, to decide, and do not decide,

---

* In the 6th edition, Maxwell says: "It is a fundamental rule in equity that the court shall, if possible, do complete justice in a case by settling the rights of all persons interested in the subject-matter of the suit." Sec. 572.—W. F. B.

that where a series of notes are secured by a mortgage executed to one person who sells or disposes of some of the notes, the persons holding the separate notes can be joined as plaintiffs. We are not required to so hold in this case, and we leave that question for our future decision whenever necessity requires it.

2. Plaintiffs further contend that there was a defect of parties; that the executors of the estate of A. Ludlow were necessary parties to the action, because the sale of the note by them to the plaintiff, Henry Ludlow, was void; that an executor could not purchase the estate of his testator. The fact, if it existed, that the plaintiff is the same person who was named as one of the executors, does not appear upon the face of the petition. So far as we are informed by the pleading in this case, the Henry Ludlow named as one of the executors was not one and the same person with Henry Ludlow the plaintiff, and we will not indulge in any presumption on that point in order to defeat the action, especially after the rendition of the decree. Again, the allegation contained in the petition,—that the executors, by virtue of the authority in them vested, sold and assigned to the plaintiff, Henry Ludlow, for a full and valuable consideration, the A. Ludlow note; and that Henry Ludlow, the plaintiff, is the owner and holder thereof,— is a sufficient allegation of a proper and legal sale, and raises the presumption that all of the steps necessary to invest the executors with power to sell the note have been taken. This defense, if available to the mortgagors, should have been raised by an answer, and could not be raised by demurrer. It is further contended that the sale of the note did not carry with it the original debt, and, therefore, said debt still belonged to the estate, and the executors of the estate were necessary parties. We do not so understand this question. There is no allegation in the petition that any notes other than the ones in suit were ever given, and the recitals contained in the mortgage itself do not raise a presumption that such was the fact. By a fair construction of the pleading it appears that the notes in

suit were given as evidence of a former indebtedness, the mortgage was given to secure their payment, and as a renewal of two other mortgages, with a proviso that the lien of said mortgages should be continued over into the new one, and the giving of the new mortgage should not operate to release the former mortgage liens. This was for the purpose of retaining priority over any other liens which might attach to the property. The sale and transfer of the A. Ludlow note to Henry Ludlow took with it the debt, and, *pro tanto,* the mortgage security incident thereto. *Studebaker Mfg. Co. v. McCargur,* 20 Nebr., 500; *Harman v. Barhydt,* 20 Nebr., 625, 631; *Whipple v. Fowler,* 41 Nebr., 675, 689; *Cram v. Cotrell,* 48 Nebr., 646, 648; *Whitney v. Lowe,* 59 Nebr., 87, 89. The allegations on these points were sufficient to resist a demurrer.

3. Plaintiffs claim that this suit can not be maintained upon the notes and the mortgage described in the petition, but must be based upon the original notes and mortgages; that the petition, by not alleging plaintiffs' ownership, or other disposition of the original notes, was rendered fatally defective. The weakness of this contention is that the petition does not disclose that any notes were ever given, other than the ones described therein. The allegations of the pleading taken in connection with the recitals in the mortgage,—which is made a part thereof,—fairly show that the mortgage in suit was taken as a renewal, and as stated therein, in lieu of two certain mortgages; one executed in 1882, and the other in 1883, and of the original debt for borrowed money secured thereby. This fairly raises a presumption that the old mortgages were delivered up at the time of the execution of the one in suit. The fact that nothing is said in the petition, in the notes or in the mortgage itself, about the existence of any other notes fairly raises a presumption that there were no notes contemporaneous with the old mortgages. It is beyond question that whether the notes and mortgage in suit were renewals simply, or whether they operated as an extinguishment of the original debt, or whether they are to be

considered as collateral thereto, a suit may be instituted on them and prosecuted to a decree. The lapse of nearly twenty years from and after the date of the original mortgages raises the presumption that if notes were given when they were executed, an action on them is barred by the statute of limitations, and they no longer constitute a liability against the makers. If any such liability in fact exists, that defense should be raised by an answer, in which it would be necessary to allege that such notes were executed and delivered; that they were payable to order or bearer; that they have been transferred to a third party, and that the makers are still liable thereon. The recitals in the mortgage seem to be sufficient to operate as an extinguishment of the original notes, if there were any, and the facts stated in the petition show that at present no liability exists thereon. In any event, the prosecution of this action to a decree has the effect to extinguish such liability if it ever existed.

We hold that the facts stated in the petition were sufficient to constitute a cause of action, and we recommend that the decree of the district court be affirmed.

OLDHAM and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.