Argued Nov. 2, decided Nov. 23, 1909, rehearing denied Feb. 1, 1910.

# STEWART v. TEMPLETON.

[104 Pac. 978; 106 Pac. 640.]

PARTIES—MISJOINDER OF PLAINTIFFS—DEMURRER—FORM.

1. While there is no provision in the statute for demurring on the ground of "misjoinder of parties plaintiff," a demurrer "that there is a defect of parties plaintiff" is sufficient to present what is equivalent to that defense for the consideration of the trial and appellate courts.

MORTGAGES—FORECLOSURE—PARTIES—JOINDER.

2. Section 393, B. & C. Comp., provides that every suit shall be prosecuted in the name of the real party in interest. Section 394 provides that all persons having an interest in the subject of suit, and in obtaining the relief demanded, may be joined as plaintiffs, etc. Section 395 provides that those who are united in interest must be joined as plaintiffs or defendants, but that, if the consent of one who should be joined as plaintiff cannot be obtained, he must be made a defendant, and the reason stated in the complaint. *Held,* that where it is practicable all interested in the controversy should be made plaintiffs, and that only where the consent to become co-plaintiff cannot be obtained must the party who should be co-plaintiff be made defendant, so that it will be presumed that, where two parties appear as plaintiffs without objection in a suit to foreclose their two separate mortgages against the same defendant, they have consented to be joined.

MORTGAGES—DEFICIENCY JUDGMENT—PERSONAL LIABILITY OF MORTGAGOR ON FORECLOSURE.

3. Under Section 423, B. & C. Comp., which provides that any lien upon real or personal property, except that of a judgment, whether created by mortgage or otherwise, shall be foreclosed by suit, and the property sold to satisfy the debt secured, and, if it shall appear that a promissory note or other obligation has been given, the court shall also decree a recovery of the amount of such debt as in an ordinary proceeding for the recovery of money, a deficiency judgment may be had against defendants, even though it is not disclosed that the notes sued on were given for the purchase price of the property mortgaged.

EQUITY—JURISDICTION—RETENTION OF JURISDICTION ACQUIRED.

4. When equity acquires jurisdiction for one purpose, it is retained for all other purposes.

ACTION—"CAUSE OF ACTION"—"SUBJECT OF ACTION."

5. The phrase, "cause of action," has reference to an action at law, and is not synonymous with the phrase, "subject of the action," which relates to proceedings where specific relief is sought rather than a judgment against the person.

MORTGAGES—FORECLOSURE—JURISDICTION.

6. In a foreclosure suit it is the *res* or subject of the suit that gives the court jurisdiction and where each of the plaintiffs are interested "in the subject of the suit, and in obtaining of the relief demanded," it is proper for them to join as plaintiffs, as expressly authorized by Section 394 ,B. & C. Comp., and they take in such proceeding, undivided interests proportioned to their respective claims.

MORTGAGES—FORECLOSURE—DEFICIENCY JUDGMENT.

7. Section 5339, B. & C. Comp., provides that no mortgage shall be construed as implying a covenant for a payment of the sum secured, and that when there shall be no express covenant for such payment, or no bond or other separate instrument to secure such payment shall have been given, the remedies of the mortgagee shall be confined to lands mentioned in the mortgage. *Held,* that where a mortgage was given to secure the payment of notes, which constituted a part of the mortgage, such notes containing an express agreement to pay the sum specified therein, a deficiency judgment was authorized on foreclosure.

From Wheeler: ROBERT R. BUTLER, Judge.

Statement by MR. JUSTICE KING.

Two suits involving the same parties and the same legal points are here presented together. In the first it appears from the complaint that the defendant, F. M. Templeton, gave two promissory notes, each for the principal sum of $480, to plaintiff, A. E. Stewart, and on the same date executed to plaintiff, D. M. Stewart, two like notes of equal amounts. To secure payment of these obligations, defendant executed a mortgage upon 160 acres of land owned by him in Wheeler County. In the second proceeding the complaint discloses that separate notes were given by the defendant to each of the plaintiffs; the notes being several obligations like those in the first proceeding, in the usual form, and executed upon the same date as those involved in the first proceeding, and the principal thereof amounting in the aggregate to $8,081.48. To secure these notes a mortgage was given by defendant on other lands in the same county. The transactions involved in both suits were between the same parties and took place at the same time. The facts are fully stated in the complaints, and are set forth in the usual form for the foreclosure of mortgages.

The sufficiency of the facts, except as they may bear on the question of misjoinder of plaintiffs, is not questioned. A demurrer was interposed in each case on the grounds: (1) That there is a defect of parties plaintiff; (2) that several causes of action are improperly united; (3) and that the complaint does not state facts sufficient

to constitute a cause of suit against the defendant. The demurrer was overruled, and, no answer having been filed, decree was entered for want thereof. Testimony having been taken, decrees were entered as prayed for, from which these appeals are presented.        AFFIRMED.

For appellant there was a brief over the names of *Messrs. Leedy & Patterson,* with an oral argument by *Mr. A. D. Leedy.*

For respondent there was a brief over the names of *Mr. Hamilton H. Hendricks* and *Mr. Jay Bowerman,* with an oral argument by *Mr. Hendricks.*

MR. JUSTICE KING delivered the opinion of the court.

1. In support of the points insisted upon by the demurrer, our attention is called to the conceding facts in each of the cases to the effect that it appears that the mortgages involved were given to two mortgagees, and to secure separate indebtedness represented by separate and individual promissory notes, by reason of which it is argued that the plaintiffs cannot be joined in the foreclosure proceedings. The defense thus intended to be presented, as we gather it from the record and from the argument, is that there is not a defect, but a misjoinder, of parties plaintiff. The first ground assigned in the demurrer is not insisted upon, and, furthermore, is untenable. *State ex rel.* v. *Metschan,* 32 Or. 372 (46 Pac. 791: 53 Pac. 1071: 41 L. R. A. 692). While no provision is made in the statute for demurring on the grounds of misjoinder of parties plaintiff under that particular designation, the demurrer is sufficient to present what is equivalent to that defense for the consideration of the trial and appellate courts. Pomeroys' Code Rem. (3 ed.), § 212; *Smith* v. *Day,* 39 Or. 531, 539 (64 Pac. 812: 65 Pac. 1055).

2. The sole question therefore is whether, under the conceded facts as disclosed by the complaints, the plain-

tiffs may be joined in either of the proceedings under consideration. This question, we think, may be determined by reference to the sections of our statutes bearing upon the subject, the provisions of which are sufficiently clear as not to be open to construction. Section 393, B. & C. Comp., provides that every suit shall be prosecuted in the name of the real party in interest, subject to such exceptions as are there enumerated, which clearly do not include the proceedings here under consideration. Section 394, B. & C. Comp., provides that all persons having an interest in the subject of the suit, and in obtaining the relief demanded, may be joined as plaintiffs, and that any person may be made a defendant who has, or claims, an interest in the controversy adversely to plaintiff, or who may be necessary to a complete determination or settlement of the questions involved; and section 395 further provides that those who are united in interest must be joined as plaintiffs or defendants, but that, if the consent of any one who should have been joined as plaintiff cannot be obtained, he must be made a defendant, the reasons for which may be stated in the complaint. It thus appears from the sections alluded to that, where it is practicable to do so, all who may be interested in the matter in controversy should be made plaintiffs, and that only where the consent to become co-plainiffs cannot be obtained must the party who should be co-plaintiff be made defendant. In this instance it will be presumed, from the fact that the two parties, plaintiffs, who hold the notes, appear as plaintiffs without objection, that they have consented to be thus joined, which course was manifestly contemplated by the sections of the statute mentioned.

3. It is argued, however, that the ownership in the notes is separate and distinct from that in the mortgage, and that the notes may be assigned independent of the mortgage. Whether such notes may be assigned inde-

pendent of the mortgage is not material to this controversy, for section 423 of the statutes provides, in substance, that any lien upon real or personal property, except that of a judgment or decree, whether created by mortgage or otherwise, shall be foreclosed by a suit, and the property adjudged to be sold to satisfy the debt secured thereby, and if in such suit it shall appear that a promissory note or other obligation for the debt has been given by the mortgagor, or other lien debtor, as principal or otherwise, the court shall also decree a recovery of the amount of such debt against such person or persons as in an ordinary proceeding for the recovery of money. It is insisted, however, that, whatever view may be taken, a deficiency judgment cannot be had against the defendant; but, since it is not disclosed that the notes were given for the purchase price of the property mortgaged, we fail to see upon what grounds this contention can be upheld.

Some of the authorities cited from other jurisdictions tend to support the theory advanced by defendant's counsel on the points presented; but the conclusions there announced appear to be based upon statutes different from ours. Our statute is clear and explicit upon the subject, and we believe decisive of the controversy.

The judgment of the trial court is affirmed.

AFFIRMED.

Decided February 1, 1910.

ON PETITION FOR REHEARING.

[106 Pac. 640.]

MR. JUSTICE KING delivered the opinion of the court.

4. It is ably argued in support of the petition for rehearing that we are in error in assuming that plaintiffs

are mutually interested in the subject of the suit, and in obtaining the relief demanded, for which reason it is maintained that plaintiffs were improperly joined. If this were an action at law upon the promissory notes, appellant's position might be tenable. Or if, under our statute, the proceedings to foreclose the mortgage were required to be by an action at law in place of by a suit in equity, the authorities cited by counsel would be pertinent. The case of *Swenson* v. *Plow Co.*, 14 Kan. 387, at first blush would appear to support appellant's contention, but a careful examination thereof discloses that under the statute of that State proceedings for foreclosure of mortgages are tried as actions at law; the court on this point there observing: "But there is no separate action on the mortgage. The action must always be on the note, and it may be on the note either with or without the mortgage. And the action on the note, whether with or without the mortgage, is, so far as the note is concerned, in the same manner as any other action on a promissory note. Either party has a right to a jury, and the judgment is a personal judgment against the defendant, substantially the same as any other personal judgment. The judgment is much like a judgment in an ordinary attachment case. The judgment is for the amount due on the note, with an order that the mortgaged property be first sold to satisfy the judgment, and that, if it does not satisfy the judgment, then that a general execution be issued against the property of the defendant." The distinction thus indicated appears in the decisions from each of the states where held that joint mortgagees holding separate notes cannot be joined as plaintiffs. In the case under consideration the mortgage is the subject of the suit. It is the mortgage which gives a court of equity jurisdiction, and it is elementary that, when jurisdicton is acquired for one purpose, it is retained for all purposes.

5. This point was under consideration in *McKinney* v. *Collins,* 88 N. Y. 216, the court there holding that "subject of the action" is not synonymous or interchangeable, with the phrase "cause of action," the words "cause of action" having reference to actions at law, while "subject of action" relates to proceedings where specific relief is sought, rather than a judgment against person. Of this class are contracts for sales of real property, mortgages thereon, etc.

6. The mortgage in the case at bar, being the subject of the suit, or the *res,* giving the court jurisdiction, and each of the plaintiffs being interested "in the subject of the suit, and in obtaining of the relief demanded," they may be joined as plaintiffs, as expressly stated in Section 394 of the Code, unless their interests, as indicated in the last sentence of the section cited, are claimed adversely to each other. That they do not claim adversely to each other is manifest from the fact that they consent to join as plaintiffs, in doing which they impliedly consent to share *pro rata* in any proceedings arising out of the foreclosure of the mortgage. As stated in 27 Cyc. 1147:

"Where a mortgage is given to two mortgagees jointly, but to secure separate debts, they do not take as joint tenants, but as tenants in common, and they will take, not necessarily by moities, but undivided interests proportioned to their respective claims."

And a court of equity in pursuance of the chancery rule of doing complete equity to all parties before the court, in the foreclosure decree may, when warranted by the pleadings and proof, determine all questions and claims arising between different parties to the suit as to the ownership of the debt, liability for or exoneration from it, the proportions in which it should be shared, or priority or preference; and these rights may be determined as easily and completely where the mortgagees are co-plaintiffs as where but one institutes the suit, making his co-mortgagees defendants. 27 Cyc. 1644. The con-

sent to join as plaintiffs necessarily waives any issue or right to claim adversely to each other. The date of and time when the notes were due are the same as to each, the amounts alone differing, leaving them to share *pro rata,* and interested not adversely, but *pro rata* in the only subject of the suit giving the court jurisdiction. We think the statute obviously intended that the co-mortgagees should be made defendants only where they refuse to join as plaintiffs. For a clear, able, and full discussion of the foregoing principles, in which the same conclusion is reached as above, see *Guthrie* v. *Treat,* 66 Neb. 415 (92 N. W. 595: 103 Am. St. Rep. 718).

7. It is next argued that under Section 5339, B. & C. Comp., a deficiency judgment cannot be recovered against the defendant. This section of the Code provides:

"No mortgage shall be construed as implying a covenant for the payment of the sum thereby intended to be secured; and when there shall be no express covenant for such payment contained in the mortgage, and no bond or other separate instrument to secure such payment shall have been given, the remedies of the mortgagee shall be confined to the lands mentioned in the mortgage."

Appellant's contention on this point is based upon the assumption that there is no express covenant contained in the mortgage for the payment of the debt. This assumption, however, overlooks the fact that the mortgage was given to secure the payment of promissory notes, such notes containing an express agreement to pay the sums specified therein, with interest. It appears from the complaint that the notes constituted a part of the mortgage, from which it necessarily follows they become express covenants for the payment of the debt, and are within the section of the statute quoted. 27 Cyc. 1746.

Counsel cites *Myer* v. *Beal,* 5 Or. 130, and *Kramer* v. *Wilson,* 49 Or. 333 (90 Pac. 183), in support of their contention. In the first case mentioned a promissory

note was contained in the mortgage against which note the statute of limitations had run; and, no covenants being in the mortgage for the payment of the debt, it was held that a deficiency judgment could not be decreed against the defendant. The distinction, therefore, between that case and the one in hand is obvious. In the latter case a note, together with a deed, was executed. The deed was held to have been intended as a mortgage and foreclosure decreed, but held on appeal that no deficiency judgment could be entered therein, for the reason that the note expressly limited the promise to pay the debt to such proceeds as might arise from the sale of the property described in the deed; thus very materially differing in the facts, and in legal effect, from the case at bar.

The petition is denied.

AFFIRMED: REHEARING DENIED.