COMMON SCHOOL DIST. NO. 45, Respondent, v. INCH, et al, Appellants.

(229 N. W. 380.)

(File No. 6785. Opinion filed February 28, 1930.)

*Clark & Wyman,* of Yankton, for Appellant.

*H. A. Doyle,* of Yankton, for Respondent.

CAMPBELL, J. This matter is before us upon demurrer to a complaint, and, from the record thus presented, the facts, for the purposes of this appeal, seem to be about as follows:

Defendant William Inch was treasurer of plaintiff school district from July 30, 1921, until about July, 1926, and the sureties on his official bond during at least a part of that period were one Hans L. Hanson and one John Aaseth. John Aaseth died. His estate was probated, notice to creditors given, and the time for filing claims elapsed. Hans L. Hanson also died. He left a will which was offered for probate, and defendant Loyal C. Hanson was appointed as executor. About this time plaintiff school district discovered a claimed shortage in the accounts of the treasurer Inch in the sum of $3,247.58, for which it claimed the bond was liable. Plaintiff school district filed a claim against the estate of Hans L. Hanson for that amount, which claim was rejected by the executor, Loyal C. Hanson, and a hearing upon the same as a contested and rejected claim was set before the county court of Yankton county, wherein the probate of the Hanson estate was being conducted, for May 3, 1928. A few days prior to that date Loyal C. Hanson, executor (defendant here), as plaintiff, instituted an action in the circuit court in Yankton county, S. D., against said school district (plaintiff here) as defendant, wherein it was alleged in the complaint that said school district had filed a claim against the Hanson estate for the sum of $3,247.58 on account of claimed liability by reason of the suretyship of Hans L. Hanson, deceased, for the treasurer Inch, which claim had been rejected and was pending and set for hearing as a contested claim. It was further alleged in that proceeding that, if said Treasurer Inch had defaulted, the Farmers' & Merchants' State Bank of Yankton, S. D. (one of the appellants here) was liable therefor to the extent of $2,755.40 by reason of having knowingly connived with Inch, the treasurer, to divert, misappropriate, and misapply that amount of school district funds to Inch's personal obligations, and that to the extent of that amount the school district had a complete and adequate remedy against said bank. The relief sought was that the school district be enjoined and restrained from prosecuting or maintaining its claim against the Hanson estate in the county court of Yankton county in so far as said sum of $2,755.40 constituted a part of said claim until it had first pursued its remedy against the Farmers' & Merchants'

State Bank for the recovery of that amount. This proceeding came on for hearing and an injunctional order was made, entered, and served therein, the mandate of which was in part as follows:

"Ordered that the above named defendant, Inch School District No. 45, Yankton County, South Dakota, be and it is hereby enjoined and restrained until the further order of this Court to the contrary from prosecuting, maintaining or proceeding upon its claim against the estate of Hans L. Hanson, deceased, referred to in the complaint herein, by any action, suit or proceeding of whatever character in the County Court of Yankton County, South Dakota, in so far as the sum of $2,755.40 referred to in the complaint herein, constitutes a part of said claim as set forth in said complaint, and it is further

"Ordered that said defendant School District be and it is hereby prohibited from so prosecuting, maintaining or proceeding upon its claim against the said Hanson Estate referred to in the complaint herein by any action, suit or proceeding of whatever character in the County Court of Yankton County, South Dakota, in so far as the sum of $2,755.40 constitutes a part of said claim as set forth in said complaint, which prohibition shall continue until said School District shall have first pursued and exhausted its remedy against the Farmers & Merchants State Bank of Yankton, South Dakota, to determine whether upon the facts alleged in the said complaint in this action said Farmers & Merchants State Bank is liable to said School District in whole or in part for the said sum of $2,755.40, or until said school district shall release its said claim against the said Hanson Estate to the said amount of $2,-755.40, and it is further

"Ordered that said School District, if it be so advised, may make as additional parties defendant to said action, the plaintiff in this action and William H. Inch, the former treasurer of said School District referred to in said complaint."

Thereafter plaintiff school district instituted the present action against the treasurer Inch, Loyal C. Hanson, as executor of the surety, Hans L. Hanson, and Farmers' & Merchants' State Bank. The complaint is voluminous. It seeks to recover from the defendant Inch and defendant Hanson, as executor of the surety Hanson, deceased, the sum of $3,247.58 upon the bond, and from the de-

fendant Farmers' & Merchants' State Bank the sum of $2,755.40 upon a tort liability. The complaint, in addition to the customary and necessary allegations to state a cause of action against a school district treasurer and the sureties upon his official bond, and the allegations as to the death of the surety Hanson and the filing of a claim against his estate, recites the proceedings in the circuit court of Yankton county, S. D., leading up to the injunctional order hereinbefore referred to, and attaches copies of all of said proceedings, and attaches a copy of the bond given by the treasurer Inch and his sureties. With reference to plaintiff's claim against the defendant Farmers' & Merchants' State Bank, said complaint alleges in part as follows:

"That while said Exhibit 'A' was in force and effective the said Wm. H. Inch did deposit various and sundry amounts of said funds belonging to said school district as such treasurer, in compliance with law, in the Farmers and Merchants State Bank of Yankton, South Dakota, in his name as treasurer of said plaintiff distrct; that while such funds were so deposited as aforesaid, this plaintiff is informed and therefore believes and therefore alleges, that the said Wm. H. Inch, as such treasurer and the said Farmers and Merchants State Bank together diverted, misappropriated and misapplied funds and money from said account to the extent of $2,755.40; that such funds were paid by the said Wm. H. Inch to said Farmers and Merchants State Bank and at the time such funds were not the individual funds of the said Inch but were the funds of said plaintiff district; that said bank had knowledge or should have had knowledge thereof and participated in such diversion, misappropriation and misapplication as set forth in said Exhibit 'B.' "

Exhibit A attached to the complaint and referred to in the foregoing excerpt is the treasurer's bond, and Exhibit B is the complaint in the proceeding for injunction previously herein referred to.

To this complaint defendant Farmers' & Merchants' State Bank separately demurred upon the grounds: First, that the complaint did not state facts sufficient to constitute a cause of action; and, second, that several causes of action had been improperly united. From an order overruling its demurrer defendant bank has now appealed.

Respondent suggests that appellant's assignment of error is insufficient in form and substance, under the rules of this court, to present any question upon this appeal. This contention on the part of respondent is utterly without merit, and we mention it only that it may not seem to have been overlooked.

■ With reference to the first ground of demurrer, that the complaint does not state facts sufficient to constitute a cause of action against appellant, we are of the opinion that this objection to the pleading is not well taken. Bearing in mind the provisions of section 2363, R. C. 1919, with reference to liberal construction of a pleading, we are of the opinion that sufficient facts may be winnowed out of the vast amount of surplusage in the complaint to allege a cause of action against appellant upon information and belief for conspiring with defendant Inch and causing official moneys in the hands of said treasurer to be diverted, misappropriated, and misapplied, and thereby lost to respondent district. Appellant might very well be entitled, upon motion which it is not yet too late to make, to have the complaint made more definite and certain; but we believe the complaint is good as against demurrer on this ground.

■ As to the second ground of the demurrer, we think it exhibits a valid objection to the complaint. The injunctional order entered by the circuit court at the instance of Loyal C. Hanson, executor, and against the school district, the present respondent, has nothing whatever to do with this case, and cannot make the present complaint good if it would not be good in the absence of such injunctional order. We had supposed that, generally speaking, payment by the surety was a condition precedent to subrogation, and that, if a surety sought equitable subrogation or exoneration in advance of actual payment, such relief must be predicated necessarily and fundamentally upon the existence of an admitted liability on the part of the surety, together with special circumstances sufficient to invoke equity to apply the doctrine of subrogation in advance of payment by the surety instead of thereafter. It is somewhat difficult to see upon what theory a surety could deny liability and at the same time ask a court of equity to compel the principal first to pursue some other remedy for his loss. Upon that point we need not speculate, however, since the propriety of the injunctional order is not in any manner before us. Appellant bank

was not a party to that proceeding and is in no manner bound thereby, nor is appellant bank in any manner affected or bound by that portion of the injunctional order which, inferentially at least, purports to authorize respondent school district to institute a joint action against the treasurer Inch, Hanson, the executor (plaintiff in the injunction proceeding), and appellant bank. As against appellant bank, if respondent school district did not have the right as a matter of law to proceed in that fashion without the injunctional order, it certainly has not acquired any such right by virtue of the injunctional order.

Eliminating from consideration, as we must, the entire injunctional proceeding, the question presented is this: Can the school district proceed in one action to recover from the treasurer and his surety upon contract the amount of the treasurer's default, and in the same action recover from appellant bank upon a tort liability for the loss of a portion of the same money? It appears to us that respondent school ditsrict cannot thus proceed. There is no connection or privity whatever between the bond surety and appellant bank. Respondent's cause of action against the surety is upon contract. Its cause of action against appellant bank is in tort. The surety is not claimed to be a participant in or connected with the tort of appellant bank. The appellant bank is not claimed to be a party to or connected with or liable upon the contract of the surety. If respondent first pursues its tort remedy against appellant bank and recovers, its possible recovery on contract against the surety will be diminished to that extent. If the respondent first pursues its contract remedy against the surety and recovers, the surety, upon making payment, may be subrogated to the tort remedy of respondent against appellant bank, if any exists. But we know of no theory of law upon which it could be held that respondent can pursue these entirely separate and independent remedies, one in tort and one in contract, against parties, each entirely independent of any acts of the other, in one and the same action.

Section 2371, R. C. 1919, relates to joinder of causes of action. We think the present situation falls entirely outside the scope of any of the provisions of that section. Without separately stating and numbering causes of action, this complaint in fact very clearly alleges two utterly separate and distinct causes of action, one in tort and one in contract, each of said causes of action being

against different parties, and there being no privity whatever between appellant and the defendant surety as to either. The complaint on its face showing so plainly these two separate and distinct causes of action, the omission to state and number them separately should not deprive appellant of the right to demurrer for misjoinder. The general rule is so stated in 31 Cyc. p. 292. The uniting of separate causes of action against independent parties not subject to a joint action may be reached by a demurrer, upon the ground of misjoinder of causes of action. Stewart v. Templeton, 55 Or. 364, 104 P. 978, 106 P. 640.

It is stated as the clear general rule, even under the Codes, that, in the absence of a common interest in the different defendants, two or more persons, whose respective liabilities depend upon causes of action which are essentially distinct and several, cannot be joined as defendants in one action even in the alternative. See 47 C. J. p. 76. See, also, Davis v. Novotney, 15 S. D. 118, 87 N. W. 582.

We think the court erred in failing to sustain the demurrer upon the ground of misjoinder of causes of action, and the order appealed from is therefore reversed, with directions to enter an order sustaining the demurrer upon the second ground in harmony with the views hereinbefore expressed.

BROWN, P. J., and POLLEY, SHERWOOD, and BURCH, JJ., concur.