### LOVELACE *v.* DORAN *et al.*

(*Supreme Court, General Term, Fourth Department.* July, 1891.)

CORPORATIONS—PERSONAL LIABILITY OF DIRECTORS—COMPLAINT.

The complaint alleged that defendants were directors of a certain company which had made a certain promissory note therein set out; that the note remained a valid obligation, and unpaid; that at the time of making the note the company's indebtedness exceeded its capital stock about $150,000; and that such indebtedness was created by and with defendants' consent. *Held*, that the complaint sufficiently stated a cause of action under Laws N. Y. 1875, c. 611, § 22, which provides that, if the indebtedness of any such corporation shall at any time exceed the amount of its capital stock, the directors of the corporation creating the indebtedness shall be personally and individually liable for the excess to the creditors of the corporation.

Appeal from special term, Oneida county.

Action by Frederick L. Lovelace against S. Gregor Doran and others. From a judgment overruling their demurrer to the complaint, defendants appeal.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Shepard, Osborne & Prentiss*, for appellants. *Frederick L. Lovelace, in pro. per.*

HARDIN, P. J. Plaintiff's complaint alleges that the defendants were directors of the Doran & Wright Company, Limited, organized under chapter 611 of the Laws of 1875, and that the capital stock of the company was $100,000 on the 26th of April, 1890; that on that day the company, with the consent of the defendants, made their promissory notes, which are separately set out in the complaint; and the complaint avers that the notes are not paid, and re-

main valid obligations; and the complaint further avers "that at the time of the making and delivery of said note the said Doran and Wright Company, Limited, was, and ever since said time has continued to be, and now is, indebted to various persons in and to the sum of about $250,000; that the said amount of said company's indebtedness at said times exceeded, and now exceeds, the amount of said company's capital stock by and to the amount of about $150,000; that said indebtedness, and the excess thereof above the amount of the said capital stock was created by and with the consent of the defendants herein." Appellants demurred to the complaint upon the single ground that the complaint, on the face thereof, does not state facts sufficient to constitute a cause of action." The appellants were directors in the corporation organized under chapter 611 of the Laws of 1875. Section 22 of that chapter is as follows: "If the indebtedness of any such corporation shall at any time exceed the amount of its capital stock, the directors of such corporation creating such indebtedness shall be personally and individually liable for such excess to the creditors of such corporation." We think it is to be assumed from the facts stated in the complaint that the plaintiff was "a creditor to whom the company had contracted the excess," or, in other words, that the plaintiff holds an indebtedness which was contracted by the company at a time when the company was indebted in a sum that exceeded the amount of its capital stock, and that the defendants, trustees, as well as the corporation, assented to the creation of such indebtedness held and represented by the plaintiff, and therefore they became "personally and individually liable for such excess" to the plaintiff, a creditor holding a portion of the indebtedness thus created. We are therefore of the opinion that the facts stated in the complaint were sufficient to constitute a cause of action, and that the case falls within the doctrine laid down in *Patterson* v. *Robinson*, 37 Hun, 341, 36 Hun, 622, 116 N. Y. 193, and 22 N. E. Rep. 372. We think the special term was right in interpreting the decision of the third department as it appears in 37 Hun, 341, and that we should follow that case. We do so, and sustain the action of the special term. Judgment affirmed, with costs, with leave to defendants to withdraw their demurrer, and answer upon payment of the costs of the demurrer and of this appeal. All concur.