LOVELACE *v.* DORAN & WRIGHT CO., Limited, *et al.*

(*Supreme Court, General Term, Fourth Department.* July, 1891.

1. JOINDER OF CAUSES OF ACTION—LIABILITY OF CORPORATION AND DIRECTORS.
    The complaint, in an action against an incorporated company and its directors, alleged that the company made its note to plaintiff at a time when it was indebted to other persons to the extent of $150,000 beyond the amount of its capital stock, and that such indebtedness was created by defendant directors, who thereby became personally and individually liable to plaintiff on that account, as provided by Laws N. Y. 1875, c. 611, § 22. Judgment was prayed against the directors individually, but none was asked against the company. *Held,* that the facts set out in the complaint constituted a cause of action against the company, and that its demurrer for improperly joining such cause of action with that against the directors should have been sustained. MARTIN, J., dissenting.

2. SAME—CONTRACT AND TORT.
    Though the liability of the defendant directors arose out of facts and circumstances *aliunde* the note, to-wit, their consent to the creation of indebtedness in excess of the capital stock, there was no improper joinder of the two causes of action, and the demurrer of the defendant directors was properly overruled. HARDIN, P. J., dissenting.

Appeal from special term, Oneida county.

Action by Frederick L. Lovelace against the Doran & Wright Company, Limited, and S. Gregor Doran and others. The complaint alleges the organization of Doran & Wright Company, Limited, under chapter 611 of the Laws of 1875, and that its capital stock was $100,000, fixed by the pro-

visions of law; and that on the 26th of April, 1890, Doran & Wright Company, Limited, made its promissory note, and delivered the same to the plaintiff; and that when it was delivered to the plaintiff, to-wit, on April 26th, the company was wholly insolvent; and that when the note was delivered, and when it matured, the company was "justly indebted to divers persons in and to the sum of about $250,000; that the amount of said defendant's indebtedness at said times exceeded, and now exceeds, the amount of said defendant's capital stock by and to the amount of about $150,000." The complaint also alleges the individual defendants on the 26th of April, 1890, "and at the time of the making and delivery of said note, and also at the date of its maturity, and now are, the directors of the said defendant Doran & Wright Company, Limited, the corporation creating such indebtedness above mentioned, and that said indebtedness was created by said directors, the defendants herein, and that on said dates there were no other directors than those named of said defendant corporation." The complaint also alleges that, under chapter 611 of the Laws of 1875, the individual defendants "became, and now are, personally and individually liable to this plaintiff, and an action accrued to this plaintiff for the amount of said indebtedness of said defendants Doran & Wright Company, Limited, to this plaintiff, to-wit, for the amount of $178.93." In the prayer in the complaint judgment is asked against the individual persons named as defendants, and no prayer for judgment is found against the corporation. To the complaint separate demurrers were interposed, one by Doran & Wright Company, Limited, specifying 13 grounds, and one by the individual defendants, specifying a like number of grounds. Among the grounds stated for demurrer are "that the complaint does not state facts sufficient to constitute a cause of action," and "that causes of action have been improperly united," and "that causes of action have been improperly united, in that the said causes of action do not affect all the parties to the action," etc. From an order overruling these demurrers, defendants, the company and directors, respectively appeal.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

*Shepard, Osborne & Prentiss,* for appellants. *Frederick L. Lovelace, in pro. per.*

HARDIN, P. J. We think the facts set out in the complaint are sufficient to constitute a cause of action against Doran & Wright Company, Limited, as a corporation.

2. By the opinion delivered at this term in *Lovelace* v. *Doran,* 15 N. Y. Supp. 278, we have held that the complaint contains a cause of action against the individual defendants, however, that is not based upon the same contract made by the corporation. The contract made by the corporation is binding by its note. The liability of the individual defendants arises out of facts and circumstances *aliunde* the note, to-wit, that the individual defendants are directors of the corporation, and as such consented that the indebtedness of the corporation should be in excess of its capital stock, and, by reason of such consent, the statute of 1875, § 22, imposes a liability for such excessive indebtedness; and the plaintiff, being a holder of a portion of the excessive indebtedness created, is entitled to recover thereon. In the course of the opinion delivered by LANDON, J., in *Patterson* v. *Robinson,* 37 Hun, 344, he states that "the liability of the assenting trustee is a contract," and he adds: "The assenting trustee, knowing that the indebtedness of the company has reached at least an amount equal to the capital stock, concurs with the company in contracting further indebtedness. He knows that the statute, in case he assents, makes him also liable. He gives his consent, and thereby under the statute pledges his liability. The statute says to the assenting trustee, 'You may contract as many debts as you choose to become

personally liable for.'" We think, under such circumstances, the directors in some sense became guarantors of the indebtedness of the corporation. In *Barton* v. *Speis,* 5 Hun, 60, this court held that, in an action against the maker and guarantor of a promissory note, the complaint setting out in a single count a good cause of action against each, "a separate demurrer by each defendant, on the ground of an improper joinder of causes of action, is proper, and should be allowed." In delivering the opinion in that case at special term, which was approved by this court, I said: "Certainly the causes of action set out in the complaint here do not affect all the parties. The one against the maker does not affect the guarantor, and *vice versa.* They are as independent as though upon separate notes,—one made by one defendant and the other by the other defendant. The allegations of the guaranty were not essential to a complete and perfect cause of action against the maker. The plaintiffs could maintain separate actions, and they are not entitled to maintain a joint action upon separate instruments." We think the reasoning of that case applies here. A somewhat similar question was presented in *Nichols* v. *Drew,* 94 N. Y. 22, and in the opinion it is said: "But the objection is not for a misjoinder of parties. It is for a misjoinder of causes of action. Those arising on contract and affecting all the parties may be joined. Those arising on contract, but inconsistent with each other, or not affecting all the parties, cannot be joined, and the defect may be reached by demurrer. The general term was therefore right in its conclusion." However, a majority of the court is of the opinion that the demurrer of the defendant corporation should have been sustained, and the demurrer of the other defendants overruled. Interlocutory judgment as to the appellants, other than the corporation defendant, affirmed, with costs, with leave to answer upon payment of costs of the demurrer and of this appeal. Interlocutory judgment as to the corporation appellant reversed, with costs, with leave to plaintiff to amend upon the payment of costs of the demurrer and of this appeal.

MERWIN, J., concurs in result.

MARTIN, J., (*dissenting.*) As there is no demand for any relief whatever against the corporation, I do not think the complaint can be regarded as a complaint against the corporation, and hence that there was no misjoinder of causes of action.