## Wytheville.

RADER & OTHERS *v.* BRISTOL LAND CO. & OTHERS.

BISHOP & OTHERS *v.* SAME.

July 8, 1897.

1. CHANCERY JURISDICTION — *Multifariousness* — *Fraudulent representations* — *Parties.* — A number of persons who have been fradulently induced to enter into contracts with a company by means of the same false representations, and who have sustained the same injury, except in amount, and seek precisely the same character of relief, may unite in one bill praying for the cancellation of their contracts, and make the offending company, and its officers and agents through whom the fraudulent representations were made, parties defendants.

Appeal from a decree of the Circuit Court of Washington county, pronounced May 8, 1895, in a suit in chancery wherein appellants were the complainants and the appellees were the defendants.

*Reversed.*

These appeals involve the same question and hence the statement is made in only one. Bishop and four others filed their bill in the Circuit Court of the city of Bristol against the Bristol Land Company and the Solicitors Loan & Trust Company, in which they charge that the Bristol Land Company conveyed to the Trust Company a large quantity of land situated in the State of Virginia, just outside of the corporate limits of the city of Bristol, in trust to secure an issue of four hundred thousand dollars of bonds. In the conveyance it was provided that the Bristol Land Company should lay out the lands into lots, with suitable streets, alleys, &c., and make sale

thereof and pay two-thirds of the price to the trust company, and retain the other third for the purpose of improving the property. It is charged that the Bristol Land Company laid the land off into lots, with convenient streets and alleys, and sold a number of the lots, and commenced the erection of a large hotel building on a part of its property on the line of the South Atlantic & Ohio Railroad, and quite near a lot on which it was contemplated the railroad company would erect a passenger station. The bill then states that "The site of the said hotel was comparatively near the populated portion of the city of Bristol, and the erection of the hotel was commenced, and the foundation walls laid; and many lots were sold by the said company in the vicinity of the site of the said hotel; but after the foundation walls were laid, it was determined by the Bristol Land Company to abandon the construction of the hotel at the place where it had been begun, and the said company, by its officers, agents, etc., announced that instead of building on the original site, it was the intention of the said Bristol Land Company to erect a large hotel, to be known as 'Hotel Bristol,' on a portion of the lands of said company, situated on Glenway avenue, on an eminence about half a mile farther from the inhabited portion of the city of Bristol than was the first site selected, as stated before on the line of the South Atlantic and Ohio Railroad. The proposed hotel site upon the eminence on Glenway avenue contained 26.65 acres, and its location with reference to the lots of the Bristol Land Company can be seen by reference to the accompanying plat filed herewith as exhibit 'B,' and prayed to be treated as part of this bill.

"When it was announced by the Bristol Land Company, its officers and agents, that the said company had determined to erect the proposed hotel upon the eminence referred to, it was also so announced that said company intended to erect and would erect a large hotel, to be known as Hotel Bristol upon the eminence, on Glenway avenue, before referred to,

that said hotel, so erected, would cost not less than seventy-five thousand dollars, that the company had the money with which to erect said hotel and was only waiting for the plans of the hotel to be revised before commencing the erection thereof; that the lines of the foundation walls of the building had been staked off; that the work upon the building would commence as soon as the plans were revised, and the erection of the building would be pushed forward to completion rapidly; and said company, its officers and agents, also announced and represented that the said Bristol Land Company had made arrangements with the Bristol Belt Line Railway Company, by which its tracks were to be extended and its line of cars operated out Piedmont street to Glenway avenue, thence along Glenway avenue, in front of the proposed hotel; thence, continuing, across the line of the road of the South Atlantic and Ohio Railroad Company; thence into and along a part of Prospect avenue; thence to and along Arlington avenue for a short distance; thence into and along a part of Floyd street; thence into and along a part of West Euclid avenue; thence into Commonwealth avenue, and along the same to Main street. The said Bristol Land Company, its officers and agents, also announced and represented that the said company intended to grade the streets referred to, and the other streets in that portion of the said addition to the city of Bristol, and would lay side-walks on Euclid, Glenway and Commonwealth avenues.

"The foregoing announcements and representations were made by the Bristol Land Company, its officers and agents, for the purpose of inducing persons to become purchasers of lots in that portion of said company's lands that would be benefitted and rendered accessible by the improvements referred to, and acting upon and believing the representations so made your orators became purchasers of certain lots as follows: * * *"

"Your orators allege that all of the said lots were pur-

chased from the Bristol Land Company, that all the said notes were made payable to the said Bristol Land Company, that all of said notes contained a provision stipulating for interest thereon payable annually, and that deeds were executed by the Bristol Land Company and the Solicitor's Loan and Trust Company, trustee, conveying said lots to your orators respectively.

"Your orators further allege that all the said lots were purchased by them upon the announcements and representations hereinbefore set forth, made by the Bristol Land Company, its officers and agents, and that they and each of them, were induced to purchase the said lots, so respectively purchased, by the said announcements and representations.

"Your orators further allege that none of the things have been done that were promised in said announcements and representations, that no hotel was erected or even commenced on the eminence on Glenway avenue, as was represented was to be done; that the car line of the Bristol Belt Line Railway Company was not extended as was represented was to be done and its line of cars was not operated thereon, and that the streets in that part of said company's lands were not graded, and the sidewalks were not laid on Euclid, Glenway and Commonwealth avenues, or either of said avenues, and they also allege that the said Bristol Land Company utterly failed to carry out any of the promises and representations made as inducements to your orators to purchase the said lots, and in consequence of such failure the lots so purchased as aforesaid, by your orators are utterly worthless and without value for the purposes for which they were bought, and the money paid thereon and the notes executed therefor by your orators are without consideration.

"Your orators further allege that all the notes executed by them to the said Bristol Land Company have been transferred and assigned to the Solicitor's Loan and Trust Company, trustee.

"Your orators further state that a suit in chancery had been instituted in the Circuit Court of the United States at Abingdon, by the Virginia, Tennessee & Carolina Steel & Iron Company, against the Bristol Land Company, and in that suit John C. Haskell and D. H. Conklin have been appointed receivers of the said Bristol Land Company.

"Your orators further state that an action has been instituted in the Hustings Court of the city of Petersburg, by the Solicitor's Loan and Trust Company, against your orators, A. H. Bishop and W. F. Gordon, Jr., upon their note for $183.33, due March 12, 1892, and upon their note for $561.79, due March 12, 1892, both of which notes are for deferred payments upon lots purchased by them as aforesaid.

'Your orators further state that an action has been instituted in the Hustings Court of the city of Petersburg by the Solicitor's Loan and Trust Company against your orator A. H. Bishop upon his note for $166.67, due July 30, 1891, his note for $166.67, due July 30, 1892, his note for $150, due August 2, 1891, and his note for $150 due August 2, 1892.

"Your orators further state that unless the Solicitor's Loan and Trust Company, its agents and attorneys are enjoined from prosecuting its said actions, the same will be prosecuted to a determination at the term of said court now sitting.

"Your orators here offer to reconvey to the said grantors in said deeds, the lots conveyed upon the granting of the relief prayed for in this bill.

"Your orators are advised that inasmuch as the said lots were purchased by your orators under the inducements and representations hereinbefore set forth, and inasmuch as by the said inducements and representations your orators were deceived, and inasmuch as the said making of said representations and the failure to comply herewith operated as a fraud upon your orators, they are entitled to a rescission of the said contracts of purchase and a re-payment of the sums severally paid by them upon the purchase price of said respective lots.

"Your orators are also advised that inasmuch as the legal title to the said lands was in the Solicitor's Loan and Trust Company, trustee, and inasmuch as by the terms of the said deed of trust exhibit 'A,' the said Bristol Land Company was to make sale of the said lots embraced in said conveyance, the said Bristol Land Company was the agent of the Solicitor's Loan and Trust Company, trustee, under the terms of said deed making said sales, and that said trustee will be held responsible for the said representations made by the said Bristol Land Company, as inducements to purchasers of lots sold by it under the terms of said trust, exhibit A."

The bill prays for an injunction against the actions of law, for a rescission of the contracts, for the repayment of the amounts paid on the lots, and for general relief. The defendant demurred to the bill, the demurrer was sustained, and the complainants appealed.

*Fulkerson, Page & Hurt,* for the appellants.

*J. B. Richmond, C. R. Vance* and *J. H. Wood,* for the appellees.

Riely, J., delivered the opinion of the court.

These causes cannot be distinguished in principle from the case of *Bosher* v. *Richmond & Harrisonburg Land Company,* 89 Va., 455, and must be controlled by it. With the principle of that decision, as it was carefully guarded and strictly limited to the particular class of cases to which it was applied, we have no disposition to interfere; and it is unnecessary to restate the grounds upon which the court placed it.

That case establishes that where a large number of persons have been, by identical representations, fraudulently induced to become subscribers to a company, they may unite in one bill praying the cancellation of their subscriptions, and make the offending company, and its officers and agents, through

whom the fraudulent representations were made, defendants. *Brown* v. *Bedford City L. and I. Co.*, 91 Va. 31, 36.

The bill in each of these causes comes strictly within the principle enunciated and applied in *Bosher* v. *Richmond and Harrisonburg Land Company, supra.* The complainants base their grievance upon the same fraudulent acts of the defendant company—the false representations contained in the prospectus and other publications and advertisements issued by the company itself, and not upon separate and independent misrepresentations severally made outside of these by its agents or officers to the respective complainants.

All are alleged to have been deceived and defrauded in the purchase of their lots by the same representations; to have sustained exactly the same injury, except in the matter of its amount. The injury is charged to have been perpetrated by the same means, and in the same manner, as to all of the complainants; and precisely the same relief is sought by all.

The fraud charged, the injury sustained, the means by which it was accomplished, and the relief sought are identical . as to all.

Fraud is the *gravamen* of the bill. All have a common interest centering in this point. All are alike affected by it.

They are entitled, upon the principle laid down in *Bosher* v. *Richmond and Harrisonburg Land Company*, to unite as complainants against their wrong doer.

The Circuit Court, therefore, erred in sustaining the demurrer to the bill in each case, and its decree for that reason must be reversed.

*Reversed.*