## DAVIS v. NOVOTNEY *et al.*

1. Under Comp. Laws, § 4932, allowing the uniting of several causes of action arising out of the same transaction or transactions connected with the same subject of action, a trustee in bankruptcy seeking to recover property adjudged in several different suits to belong to certain of the defendants, and also property sold in satisfaction of judgments in attachment by other defendants, cannot unite his claims in one action.

2. A complaint, in an action by a trustee in bankruptcy to recover property adjudged in different suits to belong to certain of the defendants, and also property sold under judgments in attachment, is objectionable for misjoinder of parties defendant

(Opinion filed October 2.)

Appeal from circuit court, Minnehaha county. HON. JOSEPH W. JONES, Judge.

Action by Joseph C. Davis, as trustee of the estate, etc., of Matous Novotny, a bankrupt, against Matous Novotny and others. From a judgment for defendant, Petts-Spencer-Smith Co., plaintiff, appeals. Affirmed.

*Shull & Farnsworth* and *Davis, Lyon & Gates*, for appellant.

The complaint in this action was not open to the objection that several causes of action were improperly joined therein. 2 Estus' Plead. 31'15; Story's Eq. Plead. 271; Wall v. Cox, 101 Fed. 403; Railroad v. Schuyler, 17 N. Y. 604; Swift v. Larraber, 31 Conn. 225; Bliss Code Plead. 126; Boyd v. Hoyt, 5 Paige 65; Storrs v. Wallace, 19 N. W. 770; Fellows.v. Fellows, 4 Cow. 682;Thomas v. Sellman, 13 S. E. 146; Norcross v. Norton, 99 Fed. 414; Carter v. Hobbs, 92 Fed. 596; Brinkerhoff v. Brown, 6 John. Cham. 139; Hamlin v. Wright, 23 Wis. 491; Worth v. Brodway, 9 Minn. 169; Palmer v. Taylor. 15 Minn. 106; Wilson v. Castro, 31 Cal. 21.

*Kirby & Winsor,* for respondent.

There is a misjoinder of separate causes of action in the complaint. There is no unity of parties or joint liability existing between the defendants. Gardner v. 'Ogden, 22 N. Y. 327; Nichols v. Drew, 94 N. Y. 22; Mann v. Marsh, 21 How. Prac. 392; Burroughs v. Tostevan, 75 N. Y. 572; Mares v. Warrington, 79 N. W. 441; Ross v. Wait, 4 S. D. 584; Cook v. Horwitz, 10 Hun. 586; Lovelace v. Doran & Wright Co., 15 N. Y. S. 278; Wiles v. Suydam, 64 N. Y. 174; Wilson v. Castro, 31 Cal. 21; Pomeroy's Remedies and Remedial Rights, p. 496.

FULLER, P. J. This appeal is from an order sustaining a demurrer to the complaint in an action by the trustee of a bankrupt estate to nullify certain attachments, liens, and judgments, and to recover, either the value of or the property seized and sold thereunder, by numerous creditors, within four months prior to the filing of a petition in bankruptcy. It is alleged in substance that on the 17th day of August, 1898, Matous Novotny, then and long prior thereto an insolvent retail merchant, fraudulently, without consid-

eration, and to defeat the just claims of creditors, to whom he was indebted in the sum of $15,000, executed to his brother a chattel mortgage to secure a fictitious indebtedness of $15,500, covering his entire stock in trade and personal effects, of the aggregate value of $10,000, which, with real property worth $2,500, practically constituted his entire assets. Immediately after the execution of this mortgage, four of these defendants seized and took portions of the goods of such insolvent debtor, by virtue of respective writs of replevin, in an action by each against him, and later obtained judgments, by which they were found to be the owners, and entitled to the possession of the particular property described in their respective complaints. Nine other of these defendants levied attachments on other articles of his personal property in respective actions, commenced and prosecuted to judgment against such insolvent, and the goods so levied upon were sold on execution in satisfaction thereof. At one of the sales under execution, a stranger to the suit, but a party defendant in this action, became the purchaser. "That all said replevin actions and actions wherein attachments were levied and judgments entered and executions issued, and the goods taken thereunder, were commenced within four months next prior to the filing of said petition in bankruptcy, and at the time when the said Matous Novotny was hopelessly insolvent, which insolvency was then well known to each and all of such defendants, they well knowing that the transactions aforesaid were in fraud of the bankruptcy laws, and were for the purpose of obtaining preference over the rights of the plaintiff." That portion of Section 67 of the federal bankruptcy act upon which plaintiff relies provides: "That all conveyances, transfers, assignments, or incumbrances of his property, or any part thereof, made or given by a person adjudged a bankrupt under the provisions of this act subsequent to the passage of this act and

within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration ; and all property of the debtor conveyed, transferred, assigned, or incumbered as aforesaid shall, if he be adjudged a bankrupt, and the same is not exempt from execution and liability for debts by the law of his domicile, be and remain a part of the assets and estate of the bankrupt and shall pass to his said trustee, whose duty it shall be to recover and reclaim the same by legal proceedings or otherwise for the benefit of the creditors. And all conveyances, transfers, or incumbrances of his property made by a debtor at any time within four months prior to the filing of the petition against him, and while insolvent, which are held null and void as against the creditors of such debtor by the laws of the state, territory, or district in which such property is situated, shall be deemed null and void under this act against the creditors of such debtor if he be adjudged a bankrupt, and such property shall pass to the assignee and be by him reclaimed and recovered for the benefit of the creditors of the bankrupt. That all levies, judgments, attachments, or other liens, obtained through legal proceedings against a person who is insolvent at any time within four months prior to the filing of a petition in bankruptcy against him, shall be deemed null and void in case he is adjudged a bankrupt, and the property affected by the levy, judgment, attachment, or other lien shall be deemed wholly discharged and released from the same, and shall pass to the trustee as a part of the estate of the bankrupt. * * * *Provided,* That nothing herein contained shall have the effect to destroy or impair the title obtained by such levy, judgment, attachment, or other lien, of a *bona fide* purchaser for value who shall have acquired the same

without notice or reasonable cause for inquiry." The order sustaining the demurrer to plaintiff's complaint must be affirmed, if any of the following grounds thereof are tenable: "(1) That the court has no jurisdiction of the subject of the action; (2) that several causes of action have been improperly united; (3) that the complaint does not state facts sufficient to constitute a cause of action." As we view the points presented by the demurrer, it will only be necessary to determine whether several causes of action have been improperly united. It is clearly shown by the allegations of the complaint that each of the attaching creditors named seized, in a separate suit, and in satisfaction of his judgment sold, different property of the debtor, and there was no conflict between such creditors with reference to their respective claims. Nor was there any contention among the different plaintiffs in the several actions in claim and delivery, each of whom was adjudged to be the owner and entitled to the immediate possession of the identical property described in his complaint. According to Section 4932 of the Compiled Laws. "the plaintiff may unite, in the same complaint several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both, where they all rise out of: (1) The same transaction or transactions connected with the same subject of action. * * (6) Claims to recover personal property, with or without damages for the withholding thereof. * * * But the causes of action, so united, must all belong to one of these classes, and, except in actions for the foreclosure of mortgages, must affect all the parties to the action. * * *" Not one of the attaching creditors made a defendant in this action has the slightest interest in or claim upon any of the property taken by a co-defendant, whether by attachment or replevin; nor can it be said that the several causes of action alleged in the complaint "rise out of the same transaction or transac-

tions connected with the same subject of action." In the case of
Atchison T. & S. F. R. Co. v. Board of Com'rs of Sumner Co., 51
Kan. 617, 33 Pac. 312, it is held that, "A cause of action in favor of
the plaintiff and against one defendant cannot be united with another
cause of action in favor of the same plaintiff against another de-
fendant, where neither defendant is interested in the cause of action
alleged against the other." The facts to establish the liability of the
various defendants being entirely dissimilar, and the defenses likely
to be essentially different, the case is of necessity seriously com-
plicated, and the rights of the defendants may be greatly prejudiced
by requiring them to defend in this action. In 15 Enc. Pl. & Prac.
547, the author states that, "It is a well settled rule of practice that
two or more parties cannot be joined as defendants in one action
when the liability of each depends upon causes of action which are
essentially distinct and several."

The complaint is not only subject to the objection that several
causes of action have been improperly united, but to the objection
that there is a misjoinder of parties defendant. Johnson v. Kirby,
05 Cal. 482, 4 Pac. 458; Riggs v. Bell, 39 La. Ann. 1030, 3 South
183; Lovelace v. Doran & Wright Co. (Sup.) 15 N. Y. Supp.
279; Cook v. Horwitz, 10 Hun. 586; Nichols v. Drew, 94 N. Y.
22; Alger v. Scoville, 6 How. Prac. 131. In addition to the prop-
erty seized and sold in satisfaction of final judgments obtained by
numerous attaching creditors, plaintiff seeks to recover property or
its proceeds, which was, by a court of competent jurisdiction, ad-
judged in several different suits to actually belong to certain of the
defendants, and there is not the slightest connection between any
of the transactions out of which the causes of action alleged in the
complaint arose. Whether the complaint states facts sufficient to
constitute a cause of action, or whether one circuit court has juris-

diction of an action to annul judgments of another circuit court, are questions that need not be determined.

The order appealed from, sustaining the demurrer is affirmed.