HAYES-LUCAS LUMBER COMPANY, et al., Respondents, v.
WENZLAFF, Appellant.

(183 N. W. 969.)

(File No. 4889.   Opinion filed July 16, 1921.)

**Pleadings—Foreclosure of Mechanics' Liens—Several Independent
Lien Claimants as Plaintiff's, Misjoinder of Causes—Demurrer
Properly Sustained—Statute as Exclusive Remedy.**

The joinder as plaintiffs of several separate lien claims
against the property, in foreclosure of mechanics' liens, im-
properly united several causes of action, and demurrer to com-
plaint on that ground and as failing to state a cause of action
was improperly overruled; and held, that no rule of law or
practice permits parties to join as plaintiffs unless they have a
joint interest in the cause or causes of action sued on. More-
over, in such foreclosure cases, Sec. 1651, Code 1919, provid-
ing in substance that such lien may be foreclosed in same man-
ner as actions for foreclosure of mortgages upon realty, except
as therein otherwise provided, and Sec. 1652, providing for
action by lienholder and that all other such lienholders shall
be made defendants, etc.,—prescribe the exclusive manner of
proceeding; the effect of the statute being that a lienholder
bringing suit must appear separately and join any others
holding liens as defendants; claims of all lienholders being
theorically adverse to those of all other lienholders of same
class; and where total lien claims aggregate more than value
of the property foreclosed upon, some claims must be defeated
or reduced or all must suffer loss (Sec. 1556.)

Appeal from Circuit Court, Hand County.   Hon. JOHN F.
HUGHES, Judge.

Action by Hayes-Lucas Lumber Company, a corporation, W.
H. Carr and another, doing business as Miller Hardware Com-
pany, C. L. Lake and others, against Waldermar Wenzlaff im-
pleaded with Emil Gade, to foreclose mechanics liens.   From an
order overruling a demurrer to the complaint and granting de-
fendant leave to answer, he appeals.   .Reversed.

*Kirby, Kirby & Kirby,* for Appellant.

*Harlan J. Bushfield,* for Respondent.

Appellant cited, re the practice as to parties defendant:   15
Encyc. Pl. & Prac., page 574.

Respondent cited:   Sando v. Roberts County, (S. D.) 156
N. W. 64; Dakota Sash & Door Co. v. Brinton (N. D.) 145 N
W. 594.

POLLEY, P. J.  This action was brought for the purpose of foreclosing certain mechanics' liens on a half section of land in Hand county.  There are seven plaintiffs.  Each plaintiff claims a separate lien against the property, in which neither of the other parties have or claim to have any interest.  The defendant Wenzlaff demurred to the complaint on the grounds:

"1.  That several causes of action have been improperly united.  2. That the complaint does not state facts sufficient to constitute a cause of action."

The trial court entered an order overruling this demurrer and granting defendant 10 days in which to answer the complaint.  From this order said defendant appeals.

The demurrer should have been sustained.  In the first place, we know of no rule of law or of practice that permits parties to join as plaintiffs in an action unless they have a joint interest in the cause or causes of action sued upon.  But, in this particular class of cases, the statute prescribes the manner of proceeding. Rev. Code 1919, §§ 1651, 1652, provide for the foreclosure of mechanic's liens.  These sections provide:

"Sec. 1651.  *Liens Foreclosed by Action.*  Such lien may be enforced by action in the circuit court of the county in which the improved premises or some part thereof are situated, or of the county to which such county is attached for judicial purposes, or, if claimed under section 1645, of any county through or into which said railway or other line extends, which action shall be begun and conducted in the same manner as actions for the foreclosure of mortgages upon real estate, except as herein otherwise provided.

"Sec. 1652.  *Summons, Pleadings.*  The action may be commenced by any lienholder who has filed his lien statement and all other such lienholders shall be made defendants therein.  The summons and complaint may be served upon the defendant or defendants as in other civil actions.  The answer, in addition to all other matters properly pleaded, shall set up any lien claimed by the defendant and demand its enforcement.  All averments of the answer shall be taken as denied without further pleadings."

The statute, prescribing this way of foreclosing mechanic's liens, necessarily excludes all other ways.  The effect of this law is that whenever a lienholder brings an action to foreclose his

lien he must appear separately and join any others who may hold liens as defendants. Theoretically, the claims of all lienholders are adverse to the claims of all other lienholders of the same class. The liens claimed may aggregate twice the amount of the value of the property out of which such liens must be satisfied. In such case, some of the claims must be defeated or reduced, or all must suffer loss. Section 1656, Rev. Code 1919. In this case the property against which the liens are claimed may be of sufficient value to satisfy all the claims in full, but this does not obviate a compliance with the statutory requirements in the foreclosure suit.

The order appealed from is reversed.