No. 788

First Circuit

## GARLAND ET AL. v. COREIL ET AL.

(May 5, 1931. Opinion and Decree.)
(June 16, 1931. Rehearing Refused.)

O. E. Guillory and E. H. Guillory, of Ville Platte, attorneys for plaintiffs, appellants.

J. H. Dore, of Ville Platte, attorney for defendants, appellees.

ELLIOTT, J. R. G. Garland, Ben Brignac, Cynias Veillion, Fred L. Fontenot, Lucius Landreneaux, Mrs. Vandol Ortego, and Clebert Duos, alleging a cause of action against A. Coreil and J. E. Ortego, in solido, under Act No. 250 of 1928, sec. 20, clauses 1, 2 and 3, joined as plaintiffs in a suit against them, claiming of them, in solido, certain amounts as due them on account of stock subscribed for and issued to them contrary to the law, praying for judgment in favor of each, for the amount of stock wrongfully issued to them under the law. They subsequently set out their cause of action with greater detail by means of an amended and supplemental petition.

Mrs. Vandol Ortego departed this life before the action proceeded further, upon which Vandol Ortego, her husband, was substituted as a party plaintiff in her place. Defendants A. Coreil and J. E. Ortego excepted to plaintiffs' demand on the ground that their petition contained a misjoinder of parties plaintiff and showed a nonjoinder of necessary parties defendant. The exception of misjoinder was overruled, that of nonjoinder was sustained, with leave to amend. The plaintiffs have appealed.

Defendants answering the appeal pray that the judgment appealed from, to the extent that it overrules their exception of misjoinder, be set aside, and that the exception be now sustained, but that the said judgment, to the extent that the exception of nonjoinder was sustained, be affirmed, and that the appeal be dismissed on the ground that the judgment appealed from is interlocutory. Appellants have not furnished us with a brief in support of their motion and exceptions. The motion to dismiss is overruled. Reasons for so doing will be stated later. The exception of misjoinder was properly overruled. Reardon v. Dickinson, 156 La. 556, 100 So. 715. The exception of nonjoinder should have been overruled. Under the provisions of Act No. 250 of 1928, sec. 20, clauses 1, 2 and 3, if defendants, after trial, are found to be liable under the act, their liability is joint and several. When debtors are liable jointly and severally, on account of a debt, then their creditors, to that debt, may apply for payment, through suit, to any they deem proper. It is our understanding that a liability in solido and a joint and several liability is one and the same thing under the Civil Code, arts. 2091, 2094, 2095 et seq. Maxwell v. Gunn, 2 Mart. (N. S.) 140. It may not be worth while for the plaintiffs to sue anybody, except the two that have been sued. The stock certificates annexed to plaintiffs' petition do not show that anybody else is liable, but the trial may show a different state of affairs. In speaking of liability, we have in mind nothing but the exception on which we are acting, at this time.

As for the motion to dismiss, the judgment sustaining the exception of nonjoinder, with leave to amend, has all the attributes of finality, unless plaintiffs comply with the leave given. A motion for new trial was overruled. The judgment does plaintiffs an irreparable injury in taking from them their right to proceed as they have elected to do.

For these reasons the judgment appealed from is correct, to the extent that it overrules defendants' exception of misjoinder, and it is to that extent affirmed. But to the extent that the exception of nonjoinder was sustained, with leave to amend, it is annulled, avoided, and set aside. The exception of nonjoinder is overruled, and the case is now remanded to the lower court to be further proceeded with as the law directs.

Appellants to pay the cost of their exceptions in the lower court and the cost of appeal. The other cost to abide the final result of the case.