EVERLY, et al, Respondents, v. BLACK HILLS UNITED MINING CO., et al, Appellants.

(257 N. W. 52.)

(File No. 7707.   Opinion filed November 8, 1934.)

*Hayes & Hayes, John T. Heffron, Francis J. Parker,* and *John R. Russell,* all of Deadwood, *Denu & Philip,* of Rapid City, and *Atwater & Helm,* of Sturgis, for Appellants.

*Rice & Bettelheim,* of Deadwood, *James W. Bellamy,* of Rapid City, and *Walter Curnow* and *Harold J. Shea,* both of Lead, for Respondents.

RUDOLPH, J.   The plaintiffs are five in number, and bring this single action to rescind certain sales of stock made by the defendants to the plaintiffs and to recover the purchase price paid. By their amended complaint the plaintiffs allege that the defendant Black Hills United Mining Company is a corporation organized and existing under the laws of this state; that the individual defendants are all directors of the mining company and control the

majority interest of the capital stock; that the defendants, their agents and servants, issued a prospectus for the purpose of inducing the general public to subscribe for and purchase stock in the mining company, and sent the same through the mails; that the said prospectus came into the hands of these plaintiffs, and was relied upon by them in the purchase of their stock in the mining company. The representations made by the prospectus are set forth, and it is alleged that such representations were false and fraudulent, were known to be such by the defendants, and were made with the intent that they should be acted upon by the plaintiffs. It is further alleged that the defendant withheld certain material facts from plaintiffs concerning the mining company, which facts the defendants knew, and which they withheld with the intent of deceiving and defrauding the plaintiffs. The complaint then alleges that all of the plaintiffs were induced to purchase the stock of the mining company by reason of the same misrepresentations contained in the prospectus, and that the same material facts were concealed from all of the plaintiffs, and that each and all of the plaintiffs were victims of the same scheme to defraud on the part of the defendants. There is then set forth in the complaint five separate and distinct causes of action, making all of the above allegations a part of each separate cause of action. The first cause of action alleges that the plaintiff Quinnie Everly subscribed for and purchased some 25,000 shares of the mining company stock and paid therefor some $32,000; that the said Quinnie Everly relied upon said prospectus and was ignorant of existing facts withheld by the defendants; that thereafter Quinnie Everly discovered the fraud, made a tender of the mining company stock, and demanded the return of her money. The second cause of action is the same as the first in all respects except that the plaintiff Thomas W. McClanahan is referred to therein and the number of shares and the amount paid therefor differs from those purchased by Quinnie Everly. The third, fourth, and fifth causes of action relate to the purchases of stock made by the other plaintiffs, and are in all respects the same as the first cause of action, with the exception of the individuals and the amounts of stock purchased. The plaintiffs asked for a judgment to the effect that the sale of stock to the plaintiffs be rescinded. Judgment is then asked on the first cause of action in the amount of

the purchase made by Quinnie Everly and upon the second, third, fourth, and fifth causes of action in the amounts that the different plaintiffs had paid for the purchase of their stock. The defendants demurred to the complaint upon the grounds that several causes of action have been improperly united, and that the complaint does not state facts sufficient to constitute a cause of action in favor of the plaintiffs. The trial court overruled the demurrer, and the defendants have appealed.

To sustain their position, respondents rely upon a line of cases, which they refer to as "stock fraud cases." The pioneer among this group of cases is apparently the case of Bosher et al v. R. & H. Land Co., 89 Va. 455, 16 S. E. 360, 363, 37 Am. St. Rep. 879. The facts of that case are very similar to the facts alleged in this complaint. The court in that case, over objection, allowed the plaintiffs to unite and to bring a common action against the defendants. The court said: "Where the parties allege in the bill that the fraudulent acts are exactly the same, and perpetuated by the same means, and the injury identical as to all, except only in the amount of the injury, as where the same false statements are distributed to all, and the same false and deceitful prospectus is operated upon all alike, and all have been defrauded by the same means, and the relief sought is the same, and the subject-matter identically the same, there is a community of interest and right, and such persons may unite as co-plaintiffs against the common wrong-doer."

Following this Bosher Case, other courts mostly in southern jurisdictions reach the same result. See John B. Carey et al v. Coffee-Stemming Mach. Co. et al (Va.) 20 S. E. 778; Rader et al v. Bristol Land Co., 94 Va. 766, 27 S. E. 590; Reardon et al v. Dickinson et al, 156 La. 556, 100 So. 715, 717; Downey et al v. Byrd et al, 171 Ga. 532, 156 S. E. 259; Garland et al v. Corell et al, 17 La. App. 17, 134 So. 297; Hamilton et al v. American Hulled Bean Co., 143 Mich. 277, 106 N. W. 731. Several of these cases, as the Michigan case above cited, simply accept the doctrine announced in the Bosher Case. The case of Reardon v. Dickinson, supra, points out quite clearly the reason this court cannot rely upon the above authorities to any great extent. In the Louisiana case the court said:

"Mr. Justice Provosty commented on the fact that the Code of Practice makes no provision for determining when parties may or may not be joined either as plaintiffs or defendants; and after a review of many authorities he said:

" 'We have to be guided in that regard by the well-settled rules of pleading as found in the books of common law, according to which a large discretion is left to the court; the aim being to avoid a multiplicity of suits, while not permitting parties to be joined who have not a common interest. * * *' "

However, this court has not the same latitude referred to in the above quotation, for the reason that we must be guided by certain statutory provisions. The applicable statute is section 2371, R. C. 1919, which provides:

"The plaintiff may unite in the same complaint several causes of action, whether they be such as have been heretofore denominated legal or equitable, or both, where they all arise out of:

"1. The same transaction, or transactions connected with the same subject of action. * * *

"But the causes of action, so united, must all belong to one of these classes, * * * must affect all the parties to the action, * * * and must be separately stated. * * *"

It will be noted that the above Code provision provides that each cause of action must "affect all the parties to the action." This provision to our minds is decisive of the question here involved. We cannot determine that the cause of action in favor of Quinnie Everly in any way affects the other parties to the action. It might be that some of the matters material for Quinnie Everly to prove are of interest to the other plaintiffs, but the other plaintiffs have no interest in her cause of action against these defendants.

The Iowa court in the case of Miller v. Hawkeye Gold Dredging Company, 156 Iowa 557, 137 N. W. 507, 511, a case involving facts very similar to the facts in this case and decided under a similar statute, said: "The claims of these plaintiffs may have grown out of the same transaction; but no plaintiff is interested in cause of action of another; nor is any plaintiff interested in the relief demanded by the others."

So it is in this case, the injury is several and individual, no plaintiff is interested in the cause of action or the relief sought by

others, and under our statute each plaintiff must sue for himself. An almost identical state of facts was presented to the Kansas Court under an identical statute in the case of Holland Oil & Gas Co. v. Holland et al, 114 Kan. 863, 220 P. 1044, 1045, and that court refused the claimed right of the plaintiffs to join. The court said: "In this instance the cause of action of each plaintiff was fraud committed by false representations made to him and relied on by him to his damage. Although under the allegations of the petition the false representations made to the various plaintiffs were the same, the torts committed were several. No plaintiff was affected by the cause of action of any other, or interested in the relief demanded by any other."

The above section of our Code has been before the court on many occasions, and we have examined a great number of cases decided under the provision of the statute. A review of those cases we do not believe would be helpful, for the reason that each must stand or fall upon its own particular facts, and no general rule other than that announced in the statute can be made to govern different fact situations. However, it seems clear to us that under the general language of our cases the attempted joinder of parties plaintiff of this case cannot be sustained. See, especially, Davis v. Novotney, 15 S. D. 118, 87 N. W. 582; First Nat. Bank v. D. S. B. Johnson Land Mortgage Co., 17 S. D. 522, 97 N. W. 748; Hayes-Lucas Lumber Co. v. Wenzlaff, 44 S. D. 309, 183 N. W. 969; Common School Dist. v. Inch, 56 S. D. 502, 229 N. W. 380; Northern Finance Corp. v. Midwest Com. Credit Co., 59 S. D. 282, 239 N. W. 242.

The senior of learned counsel for respondents insisted upon oral argument that the case of Rogers et al v. Penobscot Mining Company, 28 S. D. 72, 132 N. W. 792, Ann. Cas. 1914A, 1184, is authority in this state to the effect that the joinder of these parties plaintiff was proper. Counsel freely admitted that there is nothing in the opinion filed in that case which expressly sustained his position, but he pointed out that he was the trial judge before whom the case was tried, and was of the opinion that, if this court would go into the briefs filed in that case, it would find that the question of joinder was there presented and argued, and at least inferentially passed upon by the decision filed. Complying with the request of counsel, the court has made an examination of the briefs

filed in the Rogers Case, and has failed to discover any argument or suggestion concerning the joinder of parties. So far as we have been able to determine, the matter was not in any way presented or argued in this court. That case is not, in our opinion, any authority for the position here taken by respondents.

The order appealed from is reversed.

ROBERTS, P. J., and CAMPBELL and WARREN, JJ., concur.

POLLEY, J., not sitting.