SIMONSON, Appellant v. THE FARMERS EXCHANGE, et al, Respondents

(287 N. W. 52.)

(File No. 8182. Opinion filed July 15, 1939.)

*W. M. Potts,* of Mobridge, and *P. M. Burns,* of Timber Lake, for Appellant.

*Morrison & Skaug,* of Mobridge, for Respondents.

WARREN, P. J. This case is here on appeal from an order sustaining separate demurrers interposed by the defendants to the plaintiff's complaint. The demurrers were upon the following grounds:

"1. That there is a defect of parties defendant in this action.

"2. That several causes of action have been improperly united in said complaint.

"3. That said complaint does not state facts sufficient to constitute a cause of action against the said defendant."

Plaintiff in his brief states that the sole purpose of the action is to acquire a judgment lien and under it to reach certain property transferred to defraud creditors of whom plaintiff is one and that only those are named as defendants who owe plaintiff or have been connected with the transfers or are now in possession of the

property. The complaint names four separate defendants and covers twenty-three printed pages of appellant's brief.

Appellant at the outset states that he has pleaded but one cause of action. This statement is denied by the respondents who contend that several causes of action have been pleaded and improperly united.

Much has been written by text writers and judges discussing the question of what constitutes a cause of action in a pleading. A summary of the various thoughts of the writers will be found in 1 C. J. S. Actions, § 65, page 1186.

█ Relative to the third ground of the demurrer that the complaint does not state facts sufficient to constitute a cause of action, we are of the opinion that this objection to the pleading is not well taken, bearing in mind the provision of § 2363, R. C. 1919, concerning the liberal construction of a pleading. It is our opinion that sufficient facts may be gathered from the vast amount of statements in the voluminous twenty-three page complaint to allege a cause of action against respondents upon information and belief to adjudicate the ownership of certain properties transferred to defraud creditors.

█ As to the second ground of the demurrer, that several causes of action have been improperly united in said complaint, we think it exhibits a valid objection to the complaint. An examination of our own decisions seems to indicate that in the absence of common interest and different defendants and where there are different causes of action pleaded, the pleading is defective and subject to and may be reached by a demurrer. In Common School Dist. No. 45 v. Inch et al., 56 S. D. 502, 229 N. W. 380, 383, this court said: "It is stated as the clear general rule, even under the Codes, that, in the absence of a common interest in the different defendants, two or more persons, whose respective liabilities depend upon causes of action which are essentially distinct and several, cannot be joined as defendants in one action even in the alternative. See 47 C. J. p. 76. See, also, Davis v. Novotney, 15 S. D. 118, 87 N. W. 582."

In the early decision of First National Bank of Charles City et al. v. D. S. B. Johnson Land Mortgage Company et al., 17 S. D. 522, 97 N. W. 748, 749, we held that causes of action must

effect not only all the defendants but all the plaintiffs as well and that the provisions of the codes applied equally to both parties and we said: " 'It is clear that this limitation would be violated if the two causes of action in this complaint are allowed to be united in one complaint. The first cause of action is a straight action at law for damages to the plaintiff alone. No one else has any interest in the judgment in that action, whatever it be. But the second cause of action is a cause of action in favor of a large number of persons constituting a class represented by the plaintiff. * * * The doctrine is frequently stated that the several causes of action for or against a person must affect him in the same capacity in order to make them capable of being joined. * * * These considerations are conclusive to the effect that the general demurrer to the whole complaint on the ground of improper joinder should have been sustained.' Gray v. Rothschild, 112 N. Y. 668, 19 N. E. 847; Foreman v. Boyle, 88 Cal. 290, 26 P. 94; Barham v. Hostetter, 67 Cal. [272], 274, 7 P. 689; Winslow v. Jenness, 64 Mich. 84, 30 N. W. 905."

Paragraph three of the complaint states that defendant, Lizzie D. Simonson, and her husband, S. J. Simonson, for value received, executed and delivered to the plaintiff a certain promissory note. A copy of the note is attached to the complaint. There is a further allegation that the plaintiff is still the owner and holder of the note and no part has been paid except as shown by the endorsements. In the prayer for judgment we find that the plaintiff asks judgment against the defendant, Lizzie D. Simonson, in the sum of $1800 or in other words, is asking for a straight money judgment against this defendant, Lizzie D. Simonson. This cause of action surely does not affect the other three defendants.

There is an allegation in paragraph eight of the complaint that the Farmers Exchange, a corporation, for value received, executed and delivered to the plaintiff its certain promissory note in the sum of $2200. An exhibit of the note is attached to the complaint and a further allegation is made that the plaintiff is still the owner and holder thereof and that no part thereof has been paid except as shown by the endorsements thereon. As we view it, this represents an obligation on the part of the defendant Farmers Exchange, a corporation, and is not an obligation against the three other defendants.

Other allegations of the complaint state that the plaintiff is a stockholder in the Farmers Exchange, a corporation, and that as a stockholder he has a right to have the property of the corporation properly administered so that it may be applied on the payment of corporate debts, and if there is anything left, he has a right to share in an equitable distribution of the same. It would seem that he has attempted to plead a cause of action that, as a stockholder, he has a right to participate in the distribution of the assets of the corporation. This cause of action would not concern the other respondents.

This court, in its decision of Everly et al. v. Black Hills United Mining Co. et al., 63 S. D. 138, 257 N. W. 52, took occasion to cover at some length the application of our statute, § 2371 of the 1919 S. D. Rev. Code, and cited a number of cases, reaching the conclusion that it would not be helpful to review all of the cases for the reason that each case must stand or fall upon its own particular facts and that no general rule other than that announced in the statute could be made to govern this fact situation. We find the situation in the case at bar to be very similar and will therefore refrain from reviewing other and further authority.

It is apparent from an examination of the fact situation in this case that the court was justified in sustaining the demurrer upon the ground of misjoinder of causes of action and the order appealed from is therefore sustained upon the second ground in harmony with the views hereinbefore expressed.

POLLEY, ROBERTS, and SMITH, JJ., concur.
RUDOLPH, J., concurs in result.