BARNETTE, Judge.
Mr. and Mrs. Vernon Dowdy, defendants-appellants, purchased a house trailer on July 3, 1958, and financed the unpaid portion ($6,823.80) of the purchase price with Commercial Credit Corporation, giving a note payable in 60 monthly installments *827 of $113.73 secured by chattel mortgage. On July 1, 1960, they sold or transferred their interest in the trailer to Charles Curtis Elliott. A "Transfer of Interest Agreement” was executed by the parties on a printed form prepared by Commercial 'Credit Corporation, signed by “Vera Dowdy” and "Vernon Dowdy” as “Old Purchaser-Transferor” and “Charles Curtis Elliott” as “New Purchaser-Transferee”. Consent to the transfer was given by Commercial Credit Corporation, “Assignee”.
No payments were made on the note after August 22, 1960. The holder, Commercial 'Credit Corporation, brought suit against Mr. and Mrs. Dowdy and Elliott, March 21, 1961, praying for judgment against them '“jointly, severally and in solido” for the ’balance of $4,094.28 with interest and attorney’s fees.
After much delay the defendant Elliott ■and the trailer were located in LaSalle Parish. Service of process was made on him there, and in due time a default judgment was taken against him, following ■which a writ of fieri facias was issued .-and the trailer seized and sold by the sheriff of LaSalle Parish, February 27, 1963.
In the meantime a judgment was rendered against Mr. and Mrs. Dowdy, as •prayed for, April 11, 1962, but did not be■come final on account of a new trial having ‘been timely ordered and continued indefinitely. No further action was taken against them until after the sale of the trailer. Finally on May 29, 1964, judgment was rendered against Mrs. Vera Dowdy •and Vernon Dowdy in solido, credit being given for the net amount realized from the ■sale of the trailer. From this judgment they perfected a devolutive appeal.
The argument is made on behalf of appellants that the agreement of transfer had the effect of converting their status from that of maker into that of accommodation endorsers, thus making them secondarily liable only. They further contend that the transfer agreement effected a complete and final transfer of the obligation from them to Mr. Elliott and that they were freed of all liability to the holder of the note, Commercial Credit Corporation. Finally it is contended that the transfer agreement created a “guaranty contract” and that their liability, if any, must be determined by the Louisiana Revised Civil Code articles pertaining to suretyship. No specific article has been called to our attention, and we have found none, which supports appellants’ position. We find no merit in the contentions upon which appellants base their defense.
The Transfer of Interest Agreement contains the following pertinent clauses:
“ * * * provided, however, this Agreement is of no effect unless and until written consent of the Assignee [Commercial Credit Corporation, plaintiff herein, whose written consent was given] has been given hereunder, and in consideration of which Transferor and Transferee jointly and severally promise to pay said Instrument according to its terms, the balance owing thereon being shown above.” (Emphasis added.)
and
“* * * Transferor agrees that As-signee may, without notice to or the consent of Transferor, extend the times of payment or rearrange the times of payment of the Instrument, or renew the same, without affecting the liability of Transferor hereunder.”
Appellants were the makers of the note which forms the basis of this suit and by its terms obligated themselves “jointly, severally and in solido” for payment. They were not released from this obligation by the execution of the Transfer of Interest Agreement. On the contrary, in consideration of the creditor’s consent to the transfer of interest to Mr. Elliott, they expressly reaffirmed their promise to pay “jointly and severally”. Mr. Elliott, by signing the agreement, became obligated in solido with *828 them. LSA-C.C. arts. 2082, 2091; Garland v. Cored, 17 La.App. 17, 134 So. 297 (1st Cir. 1931).
Parties are presumed to understand the meaning and import of their acts when expressed in ordinary and unequivocal language. Having legal capacity to contract and having freely consented as evidenced by the Transfer of Interest Agreement, the parties are bound thereby. LSA-C.C. art. 1797, 1945. Texaco, Inc. v. Vermilion Parish School Board, 244 La. 408, 152 So.2d 541 (1963).
Appellants have made no claim of fraud or deception, and there is nothing in the record to indicate that they did not fully understand the nature of their obligation to plaintiff.
The judgment appealed from is affirmed at appellants’ cost.
Affirmed.