275 So.2d 437 (1973)
JOHN DEERE INDUSTRIAL EQUIPMENT COMPANY, Plaintiff-Appellee,
v.
A. D. McCULLEN and L. T. Brown, Defendants-Appellants.
No. 12044.
Court of Appeal of Louisiana, Second Circuit.
March 6, 1973.
*438 Campbell, Campbell, Marvin & Johnson by John T. Campbell, Minden, for defendants-appellants.
Polk, Foote, Randolph & Percy by J. Michael Percy, Alexandria, for plaintiff-appellee.
Before BOLIN, HEARD and HALL, JJ.
HALL, Judge.
Plaintiff, John Deere Industrial Equipment Company, as assignee of Everett Machinery Company, brought suit against defendants, A. D. McCullen and L. T. Brown, seeking judgment against the defendants in solido for the balance due on three "time sales agreements" and seeking recognition and enforcement of the vendor's privileges and chattel mortgages stipulated in the agreements. Judgment was rendered in favor of plaintiff and against defendants in solido for $32,489.18, together with attorney's fees and interest, with recognition of plaintiff's vendor's privileges affecting the equipment described in the agreements. Defendants perfected a devolutive appeal.
On appeal, the sole issue raised by defendants-appellants is that their liability is joint rather than solidary and that the district court erred in rendering judgment against them in solido.
The indebtedness due plaintiff arises out of three instruments designated as "time sales agreements" as follows:
(1) Agreement dated October 7, 1969, between Everett Machinery Company as seller and State Hot Mix Corporation as purchaser whereby seller sold to purchaser one used John Deere Model 544 4-wheel Loader with canopy.
(2) Agreement dated October 7, 1969, between Everett Machinery Company as seller and State Hot Mix Corporation as purchaser whereby seller sold to purchaser one used John Deere Model 644 Loader.
(3) Agreement dated March 3, 1970, between Everett Machinery Company as seller and A. D. McCullen and L. T. Brown as purchasers whereby seller sold to purchasers one used John Deere Model 644 Loader.
Each contract was assigned by Everett Machinery Company to plaintiff. Each contract is on a printed form provided by plaintiff and stipulates that "purchasers (jointly and severally) promise to pay to the order of seller" the amount designated as the time balance in the contract.
State Hot Mix Corporation sold the equipment described in the time sales agreements dated October 7, 1969, to McCullen and Brown, who assumed the indebtedness due plaintiff under the following written agreement:
"A. D. McCullen and L. T. Brown do hereby purchase from State Hot Mix Corporation the following notes with promise of full payment to the John Deere Industrial Equipment Company of Moline, Illinois, in consideration of said equipment.

*439 "One (1) John Deere 544 Loader S/N TEB3T086429T
Note: No. 573-U9 Dated: October 7, 1969
Amount Payable: $21,162.24
"One (1) John Deere 644 Loader S/N TFB3T081802T
Note: No. 574-U9 Dated: October 7, 1969
Amount payable: $30,702.96
"The said notes will be paid to the John Deere Industrial Equipment Company under the same schedule of payments and amounts due per month will remain as so stated in the original contracts as previously agreed to by State Hot Mix Corporation and the John Deere Industrial Equipment Company.
"S/ K. Reese Hood
For: State Hot Mix Corporation
 S/ Annette N. Smith
 Witness
S/ A. D. McCullen S/ Sherrie Peart 
A. D. McCullen Witness
S/ L. T. Brown
L. T. Brown"
The time sales agreement dated March 3, 1970, was signed on behalf of defendants McCullen and Brown by an employee, K. Reese Hood. Defendants denied that Hood was authorized to execute the instrument on their behalf. The trial judge without passing directly on the question of initial authority, correctly held that whether Hood was authorized or not, the defendants ratified his action by receiving the equipment described in the agreement as their own and by making numerous payments in accordance with the terms of the time sale agreement.
Defendants contend that their liability for the indebtedness due is joint and not solidary. As to the indebtedness due under the first two time sales agreements, defendants contend that there is nothing contained in their assumption agreement indicating an intention on their part to bind themselves in solido and, therefore, their undertaking was joint and not solidary. As to the third time sales agreement, defendants contend that since Hood was not authorized to sign for them and their liability under this agreement is based on ratification by receiving the equipment and making payments, they are not bound by the solidary language contained in the agreement, each defendant being liable only for his virile share of the debt. Defendants further contend that as concerns all three agreements they were operating as an ordinary partnership engaged in the construction business and under LSA-C.C. Article 2872, are not bound in solido for the debts of the partnership.
Considering first the partnership contention, the relationship of the defendants with each other has no bearing on the liability of the defendants to plaintiff. There is no evidence in the record to indicate that defendants in any of their dealings with plaintiff or plaintiff's assignor, ever acted in the partnership name or communicated the fact that a partnership existed, if such was the case. All instruments are executed in the individual names of the defendants and defendants may not raise the defense of limited liability of ordinary partners in this action to enforce debts incurred in their individual names and capacities.
Next for consideration is the nature of defendants' liability under the agreement assuming the indebtedness owed by State Hot Mix Corporation under the time sales agreements dated October 7, 1969. The assumption agreement is in the nature of a stipulation pour autrui in favor of plaintiff. Any rights plaintiff has against defendants arises under the express provisions of this written assumption agreement. Nothing contained in the agreement indicates an intention on the part of defendants to bind themselves in solido for the indebtedness due by State Hot Mix Corporation *440 to plaintiff under the original time sales agreements.
The following articles of the Louisiana Civil Code are pertinent:
"Art. 2080. When several persons join in the same contract to do the same thing, it produces a joint obligation on the part of the obligors."
"Art. 2082. When several persons obligate themselves to the obligee by the terms in solido, or use any other expressions, which clearly show that they intend that each one shall be separately bound to perform the whole of the obligation, it is called an obligation in solido on the part of the obligors."
"Art. 2083. In like manner, when the obligor contracts expressly, or by using the technical words in solido, that he will give to either one, or to all of several obligees the right of enforcing the obligation against him, it creates an obligation in solido in favor of the obligees."
"Art. 2093. An obligation in solido is not presumed; it must be expressly stipulated.
"This rule ceases to prevail only in cases where an obligation in solido takes place of right by virtue of some provisions of the law."
Neither the words "in solido", nor "joint and several", nor other words of similar import are used in the assumption agreement. The words "I promise to pay" which create a solidary obligation under LSA-R.S. 7:17(7) are not used. The words used are "A. D. McCullen and L. T. Brown do hereby purchase, with promise of full payment to John Deere Industrial Equipment Company", which are similar to the words "we promise to pay" or "the undersigned promise to pay", often used in negotiable instruments and which have been held to create a joint and not a solidary obligation. Groves v. Sentell, 153 U. S. 465, 14 S.Ct. 898, 38 L.Ed. 785 (1894); Industrial Loan Co. of Monroe v. Noe, 183 So. 175 (La.App.2d Cir. 1938).
Plaintiff argues that since the time sales agreements contain the words "purchasers (jointly and severally) promise to pay", jointly and severally being the equivalent of in solido, defendants are bound by this language. The trial judge held that defendants became solidarily liable to plaintiff by assuming a solidary obligation. It is not correct to term the obligation of State Hot Mix Corporation under the original contracts as a solidary obligation. There can be no solidary obligation when there is only one obligor. The language used in the time sales agreements is contained in the printed portion of the form and applies to the original purchasers where there are more than one. This language has nothing to do with the obligation of subsequent purchasers, whose obligations are fixed by the terms of their own assumption contract, which in this case contains no language indicating an intent for the subsequent purchasers to be bound in solido. There is no reason why subsequent parties purchasing the equipment and assuming the obligation of paying the indebtedness should be considered obligated in solido in the absence of an express provision to that effect. Plaintiff, as a third party beneficiary of the contract between State Hot Mix Corporation and defendants, has no standing to complain in that plaintiff has lost nothing, but to the contrary has gained additional obligors to whom it can look for payment even if only for each obligor's virile share. The property could have been sold by State Hot Mix Corporation "subject to" the mortgages in which case there would be no personal liability at all on the part of defendants.
This court concludes that the obligations of defendants for the indebtedness represented by the two time sales agreements dated October 7, 1969 is not solidary, but is joint, and that defendants are liable only for their virile shares of such indebtedness.
*441 The judgment of the district court should be amended accordingly.
Defendants' position as to the third time sales agreement dated March 3, 1970, is not well taken. Whether Hood was authorized to sign the agreement or not, the agreement has been ratified by defendants' receipt and use of the property described in the agreement and by numerous payments made by defendants under the agreement. Under the express terms of the agreement, defendants as the named purchasers were bound "jointly and severally" which has been held to be synonymous with "in solido". Flintkote Company v. Thomas, 223 So.2d 676 (La.App.4th Cir. 1969); Wilks v. Allstate Insurance Company, 195 So.2d 390 (La.App.3d Cir. 1967); Garland v. Coreil, 17 La.App. 17, 134 So. 297 (1st Cir. 1931); Rusca & Cunningham v. Hammett, 195 So. 642 (La.App.2d Cir. 1940). Defendants are bound by all of the terms and conditions of the agreement which they ratified by their own actions. The judgment of the district court is correct as concerns the indebtedness represented by this latter agreement.
The trial court found the balances on the two time sales agreements dated October 7, 1969, to be $7,950.35 and $11,514.97, or a total of $19,465.32. The balance on the agreement dated March 3, 1970, was $13,489.18.
For the reasons assigned, the first adjudicatory paragraph of the judgment of the district court is amended and recast as follows:
"IT IS ORDERED, ADJUDGED AND DECREED, that there be judgment herein in favor of the plaintiff, John Deere Industrial Equipment Company, and against the defendants, A. D. McCullen and L. T. Brown, jointly, in the full sum of Nineteen Thousand Four Hundred Sixty-five and 32/100 ($19,465.32) Dollars, together with an additional ten per cent (10%) thereof as attorney's fees, and interest at the rate of seven per cent (7%) per annum from November 3, 1971, until paid, each defendant to be liable only for his virile share of said total amount.
"IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that there be judgment herein in favor of plaintiff, John Deere Industrial Equipment Company, and against the defendants, A. D. McCullen and L. T. Brown, in solido, in the full sum of Thirteen Thousand Four Hundred Eightynine and 18/100 ($13,489.18) Dollars, together with an additional ten per cent (10%) thereof as attorney's fees, and interest at the rate of seven per cent (7%) per annum from November 3, 1971, until paid. All costs of these proceedings are assessed against the defendants, A. D. McCullen and L. T. Brown, in solido."
As amended, the judgment of the district court is affirmed. The costs of appeal are assessed to plaintiff-appellee.
Amended, and as amended, affirmed.